GRIMM vs. JEFFERSON COUNTY.

*March 4 — March 31, 1885.*

*Counties: Fees of justices in criminal cases: Statement of account: Complaint on appeal: Demurrer.*

An account of a justice of the peace for costs and fees in criminal cases, under sec. 679, R. S., as amended by ch. 188, Laws of 1883, if sufficient in form and substance to be allowed by the county board, is sufficient as the complaint on an appeal to the circuit court, and is not subject to demurrer because of the lack of formal averments which would be necessary in an action commenced originally in that court.

APPEAL from the Circuit Court for *Jefferson* County. The case is stated in the opinion.

*Edward P. Vilas*, for the appellant.

For the respondent there was a brief by *J. G. Conway*, District Attorney, and *Geo. W. Bird*, of counsel, and the cause was argued orally by *Mr. Bird*.

ORTON, J. The following accounts were presented by the appellant to the board of supervisors of Jefferson county: "*Jefferson County to C. Grimm, Justice of the Peace of the Town and City of Jefferson*, Dr.: To his fees in the cases of the State of Wisconsin *vs.* [the several defendants named]."

Grimm vs. Jefferson County.

The day on which each case was heard is stated, and then follow the several items of costs allowed by the statute to justices of the peace in criminal cases, among which are for "the complaint, oath to the complaint, warrant, taking recognizance of bail, order to bring up prisoner, order discharging prisoner, commitment, certificate of conviction, statement to county board," etc. The gross amount of the charges in all the cases was the sum of $253.12. The whole bill was sworn to according to law, that "the foregoing account was just, correct, and true, and unpaid, and justly chargeable to Jefferson county, and that neither the whole nor any part thereof [had] previously been presented to and rejected by the county board of supervisors."

It appears by the records that the board allowed a part only of said accounts and disallowed the remainder. The claimant thereupon appealed to the circuit court from the decision of said board disallowing a part of said claim. In the circuit court the defendant county demurred to said account as the complaint in the action, on the ground that it did not state facts sufficient to constitute a cause of action, and the court sustained said demurrer, with leave to the plaintiff to amend said complaint, and from the order sustaining the demurrer the plaintiff has appealed to this court.

Treating the account as an original complaint in an action commenced in the circuit court, the brief and argument of the very able counsel of the respondent, to sustain a general demurrer thereto, are perfect in both law and logic, and unanswerable  But his brief, however able on the general principles of pleading, and his argument, however logical, exhaustive, plausible, and persuasive, we cannot but think are inapplicable to the case. Various claims may be presented to the county board for allowance which are not in the form of an account, in contemplation of sec. 676, R. S., which uses the language "any *account*, demand, or cause of action;" and of sec. 678, which requires the board, "in case

of disallowance of a part of an *account* or other claim composed of separate items, to designate particularly each item disallowed." We may well suppose that many claims might be presented to the county board which would require a very full statement of the facts upon which they are founded, in order to apprise the board of their nature and the particulars thereof, so that they could act intelligently in their allowance or disallowance. This, we think, is the meaning of sec. 677, R. S., which requires a statement in writing of certain claims, setting forth the nature thereof and the facts upon which they are founded; but then, the section further provides, "and if the claim be an *account*, the items thereof separately, and the nature of each and the time expended," etc., unless the account is for fees allowed by law. This difference is apparent in respect to all accounts and other general demands or claims; but in respect to the accounts of justices of the peace for their costs in criminal cases, for which the county is liable, there is a special provision in sec. 679, R. S., which requires justices of the peace to forward to the county clerk "a correct statement of all actions or proceedings had before them during the year next preceding, etc., giving the names of the parties in each action or proceeding, the nature and result of the same, the amount of costs in detail in each case, and what items, if any, have been paid, and the amount thereof." The return to the county clerk of such a statement is made a condition precedent to a justice of the peace receiving any compensation from the county for services rendered by him in any criminal case or proceeding during the next preceding year. By an amendment of this section (ch. 188, Laws of 1883), "a sworn statement giving the titles of all criminal actions tried before him during the same period in which the defendant or any defendant shall have been convicted," and a statement therein "that he filed a certificate of conviction in each such case as and within the time required by law,"

is required to be annexed to any such account of a justice of the peace, and filed with the county clerk, under the penalty of a disallowance of his bill.

The account or statement of the appellant in this case must be tested by these provisions, and by these provisions only. The county board, in acting upon this claim of the appellant, and other similar claims of justices of the peace in Jefferson county at that session, calls in their record such claims "justices' accounts." The question is whether their accounts or these accounts of the appellant are made out and presented in the form and manner required by these special provisions: (1) "A correct statement of all actions and proceedings had before him during the year preceding, in which the county shall have become liable for costs, giving the names of the parties in each action or proceeding." This seems to have been done substantially in the heading and body of the accounts. (2) "The nature and result of the same." These two requisites are clearly complied with in the body of the accounts. (3) "The amount of the costs in detail in each case." This also is complied with, with great strictness. (4) "And what items, if any, have been paid, and the amount thereof." The affidavit of the appellant, appended to his account, shows that nothing whatever had been paid. The further requisites by the amendment of said section are that "the titles of all criminal actions tried before him during the same period in which the defendant or any defendant shall have been convicted," and a statement therein "that he filed a certificate of conviction in each case, as and within the time required by law," are made necessary as a part of his return; but the account of the justice of his costs which the county is liable to pay, need not necessarily require this statement any further than it may relate to such costs, and to that extent such statement appears in said accounts.

It would seem that if a justice of the peace made out his

account according to these provisions, it would be sufficient for the action of the county board without other formal averments, such as " that he was a justice of the peace of the county, duly elected and qualified, and acting as such during all the time covered by the claim," and " that criminal prosecutions were pending and heard before him," etc., and " that the claimant, as such justice, rendered the services in those cases," etc., and " that the defendants were discharged or convicted and unable to pay." The second and third of such allegations, which the learned counsel of the respondent claims should have been made, do appear on the accounts; and the first and fourth of such allegations appear substantially by recital thereon. These formal averments, so claimed to be necessary, would transform the *accounts* of justices of the peace into formal complaints in each case, and they would be no longer accounts. The county board are presumed to know who are the justices of the peace of their county; and it would seem reasonable that when such accounts are presented that they should investigate them, and compare them with the records in each case, as we are informed they did in this case, although their action thereon cannot be taken into consideration in determining whether these accounts were a sufficient complaint before the board for their action thereon, any further than their allowance and disallowance of a part of the claim presented are a foundation for this appeal.

It is plausibly argued by the learned counsel of the respondent, that inasmuch as sec. 685, R. S., gives the county on such appeal the right to answer or *demur*, that such an account must stand the test of a formal complaint for the recovery of money against the county. Whatever may have been the design of such a provision as to a demurrer, it is quite apparent that as to such an account, a part of which has been rejected and a part allowed, either by items or in gross, and which was sufficient for the action of the

county board thereon, such a provision can have no application. It may be that as to other claims against the county the county board might reject such as were not sufficiently stated so as to apprise them of the full nature or particulars thereof, and on appeal the county might well interpose a demurrer thereto as being an insufficient complaint. In this case the county board made no objection to the form or substance of the appellant's accounts, and investigated them fully, and made a partial allowance thereon. As far as it is possible for a county board to waive all objection thereto on behalf of the county, they did so. "The statement filed with the county clerk [according to the above provisions] shall be the complaint in such action," is the provision of sec. 685, on the appeal.

In this case we have, then, the anomaly that the accounts of the appellant were deemed sufficient by the county board for their action thereon, and they did act thereon, and allowed a part thereof, and in the circuit court on appeal a demurrer is sustained to the whole account as a complaint, and the appellant is given leave to amend. When such an account is amended by adding thereto any substantial averments of fact, it is then most certainly not "the statement filed with the county clerk." Has the circuit court in such a case jurisdiction to try a different case from that presented to the county board? The accounts in these cases do show that they were criminal cases, and if the board has failed in this instance to designate particularly each item disallowed, their allowance of a part and disallowance of the other part of the claim clearly gives the right of appeal under sec. 683, R. S. The revisers' notes do not explain why the former statute was changed so as to allow a demurrer to the claim as a complaint on appeal in such cases, but all the use of such a demurrer readily apprehended would seem to be in a case where the whole claim, or some part thereof, was rejected by the county board on the ground of an insufficient statement thereof.

Then a demurrer in the circuit court on appeal would be the regular and formal way of raising the question of the sufficiency of the complaint. But in cases where the county board deemed the claim or account sufficient for their action, and for the allowance of the whole or a part thereof, no reasonable ground for a demurrer to the claim in the circuit court can be perceived.

The construction of the provisions of the statute above indicated is approved in the late case of *French v. Dunn Co.* 58 Wis. 402. The chief justice says in that case: "The section requires the statement to be in writing, setting forth the nature of the claim and the facts upon which it is founded. Where the claim is an *account*, the items are to be stated separately." In that case the claim was stated as an account as follows: "*Dunn County to S. B. French,* Dr., March 1, 1881. For [certain land described] purchased by committee of county board for a poor farm, 80 acres, $1,900; interest and damages, $100;" total, $2,000. The county board disallowed the whole claim. The objection on appeal was that the claim was insufficiently stated to authorize the action of the board thereon, and that, therefore, the board had no jurisdiction of it. The chief justice further says: "Where the claim is an account, the items are to be stated separately. The statement in question conforms to these essentials. It contains a description of the land purchased by the committee for a poor-farm, states the number of acres and the purchase price. It is true it contains an item or charge of $100 for 'interest and damages.' The board might have refused to act upon this item until it was made more definite, so as to show the nature of the damages claimed. But that the statement was sufficient, both in form and substance, to give the board jurisdiction, seems to us too plain for discussion." Now there was a claim, if sued upon in the circuit court and a complaint filed, such a complaint would be required to state a great many more facts than

merely appear upon the face of the account in order to be a good complaint. But the claim was presented as an *account*, and as such it was sufficient for the action of the board. It must be held, in view of the provision " that the statement filed with the clerk shall stand as the complaint on appeal," that a statement good before the board is good in the circuit court on appeal.

We have extended this opinion out of deference to the learned counsel of the respondent, whose able and elaborate brief seems to have been made for a case requiring an original complaint in an action to state all the facts necessary to show a right of recovery, and not for a case like this under the statute. We think it more reasonable and in accordance with the statute to hold, according to the theory and able argument of the learned counsel of the appellant, that the statement or account acted upon by the county board and in part allowed was sufficient in the circuit court on appeal in this case. That the county is liable for such costs in criminal cases before a justice of the peace has been recently decided by this court in *Chafin v. Waukesha Co., ante*, p. 463, and *Nickell v. Waukesha Co., ante*, p. 469. An account of a justice of the peace for such costs, filed with the county clerk for allowance, which is good and sufficient enough in form and substance to be allowed in part, is equally good and sufficient for the allowance of the whole claim, which constitutes a legal charge against the county, either before the board or in the circuit court on appeal.

*By the Court.*— The order of the circuit court sustaining the demurrer to the complaint is reversed, and the cause remanded for further proceedings according to law.