## MURRAY ET AL. V. JONES COUNTY.

1. **Bounties on Wolf Scalps**: LIABILITY OF COUNTY: EVIDENCE. In an action to recover a bounty offered by defendant on wolf scalps, in addition to the bounty fixed by statute, where the evidence showed that the claimant had made affidavit before a justice of the peace of the county that the wolves had been caught by him in the county, and the justice had certified that the wolf scalps in question had been delivered at his office by the claimant, who was entitled to the bounty therefor, and that he had destroyed the same, *held* that this was sufficient to justify a recovery, against the objection that the evidence failed to show that the animals were caught and killed in the defendant county, and that the scalps had the ears on, as required by §§ 1487, 1488 of the Code; the evident intent of the statute being that, if the justice is satisfied that the bounty has been earned by the claimant, this is all that is required.

*Appeal from Jones Circuit Court.*

FRIDAY, JUNE 29.

ACTION to recover a bounty claimed to have been offered by the defendant for the destruction of wolves and wild-cats in said county. Trial by jury, who, under the direction of the court, found a verdict for the plaintiffs, and from the judgment rendered thereon the defendant appeals.

*J. S. Stacy* and *Herrick & Doxee*, for appellant.

*Murray & Farr*, for appellees.

SEEVERS, J.—The theory of counsel for the appellant, and the principal reason upon which they ask a reversal, is that the evidence introduced by the plaintiffs was not sufficient to entitle them to a verdict. It is provided by statute that "a bounty of one dollar shall be allowed on each scalp of a wolf, * * * to be paid out of the treasury of the county in which the animal was taken, upon a verified statement of the facts showing the claimant to be entitled thereto. The persons claiming the bounty shall produce such statement, together with the scalp or scalps, with the ears thereon,

to the county auditor, or a justice of the peace, of the county where such wolf     *     *     *     may have been taken and killed ; and the officer before whom such scalps are produced shall deface or destroy the scalps when so produced, so as to prevent the use of the same to obtain for a second time the bounty provided." The board of supervisors shall have the power to determine " what bounties, in addition to those provided by law,     *     *     *     shall be offered and paid by their county on scalps of such wild animals killed within their county as they may deem it expedient to exterminate." (Code, §§ 1487, 1488 ; Id., § 303, subd. 19.)

Counsel for the appellant insist that the evidence introduced failed to show that the animals were caught and killed in Jones county, and such evidence failed to show that the scalps had ears thereon. The evidence introduced consisted of three affidavits, and certificates of a justice of the peace, all of which are substantially alike, and the following is a copy of one of them :

" WASHINGTON TOWNSHIP, JONES COUNTY, JUNE 18, 1885.

" I hereby certify that     *     *     *     has this day delivered at my office ten full grown wolf scalps,     *     *     *     for which he is entitled to bounty, and also that I have destroyed the same.     WM. GAVIN,
" Justice of the Peace."

" I,     *     *     *,     do solemnly swear that I caught the above-described animals in Washington township, Jones county, Iowa, since the 1st of June, 1885, and are all as above stated, as I verily believe.     DAVID WALCH.

" Subscribed and sworn before me this 18th day of June, 1885.
" WM. GAVIN, Justice of the Peace."

The plaintiff seeks to recover the additional bounty contemplated in section 303 of the Code, and it will be conceded that the animals must be taken and killed within the county. The bounty must be paid when the claimant makes a verified statement showing himself to be entitled thereto. Whom

must the verified statement satisfy ? Evidently the justice of the peace, or the county auditor. The statement shows that the animals were caught in Jones county, and the scalps taken were presented to the justice of the peace, and this seems to have satisfied him that the animals were killed. The statute requires that the scalps, with ears thereon, shall be given to the justice. It was for him to determine whether the ears were thereon from an inspection of the scalps. The justice certified that the party making the statement was entitled to the bounty, and therefore he, as the statute requires, destroyed the evidence upon which the claim was based. The evident intent of the statute is that, if the justice is satisfied that the bounty has been earned by the claimant, this is all that is required. Otherwise some provision would have been made for the preservation, instead of the destruction, of the evidence upon which his conclusion is required to be based.

It is objected that no cause of action is stated in the petition ; but it is as broad as the evidence introduced, and therefore the petition must be regarded as stating a cause of action.

It is also urged that the claim was not presented for an allowance before the action was commenced; but the abstract states that it was admitted that the "claims in question were presented to the board of supervisors, and an allowance refused." This must be deemed sufficient, whether such claims were made by the plaintiffs, or their assignors.

AFFIRMED.