CITY OF LANSING, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY Co., Appellee

1. **City Ordinances:** VIOLATION: JURISDICTION. In view of the provisions of section 1, of chapter 189, of the Laws of 1880, giving to mayors of cities of the second class exclusive jurisdiction of violations of the city ordinances, the district court is without jurisdiction of an action brought for the collection of a fine imposed for the violation of an ordinance of a city of the second class.

2. **Jurisdiction:** OBJECTION FIRST RAISED IN SUPREME COURT. An objection to the jurisdiction of the district court to entertain an action may be raised for the first time in the supreme court.

*Appeal from Allamakee District Court.*—Hon. L. O. Hatch, Judge.

Tuesday, May 17, 1892.

This is an action at law to recover the sum of seven hundred dollars in the way of penalty for the alleged violation of an ordinance of the plaintiff city. There was a demurrer to the petitition, which was sustained, and the plaintiff appeals.—*Affirmed.*

*James H. Trewin,* for appellant.

*Noble & Updegraff,* for appellee.

Rothrock, J.—The ordinance under which the plaintiff seeks a recovery is as follows:

"Be it ordained by the city council of the city of Lansing, Iowa: Section 1. That the Chicago, Milwaukee & St. Paul Railway Company is hereby required to station three flagmen in the city of Lansing, Iowa, where their railway track or tracks cross the public highways and streets. One of said flagmen shall be stationed at the railway crossing in North Capoli (now in said city of Lansing) at or near the stone building formerly used for a grist mill, and being nearly opposite the Village Creek road where the same intersects with Front street; one of said flagmen to be stationed at the crossing of Main and Front streets, and one of said flagmen to be stationed at or near where the railway crosses Front street, above the steam saw and lumber mill owned by W. A. Manger; and that said flagmen shall be at their stations from six A. M. to eight P. M. each and every day except Sundays. When said railway company runs its train or trains on Sunday said company are required to station its flagmen at said crossings. Section 2. If said company fails or refuses to keep said flagmen at

1. City ordinances: violation: jurisdiction.

such stations as provided in section 1 of this ordinance, it shall forfeit ten dollars for each and every day said flagmen are absent from said duty to said city of Lansing, which sum may be recovered by action in the name of said city, and for its use and benefit. Section 3. This ordinance shall take effect and be in force from and after its passage and publication as provided by law. Passed and approved this twenty-seventh day of May, A. D. 1886.''

It is averred in the petition that the defendant ''failed and refused to station a flagman at or near the crossing named in said ordinance as being near where the railway crosses Front street above the steam saw and lumber mill owned by W. A. Manger, each and every day from the twelfth day of October, 1888, up to the twenty-first day of December, 1888—in all seventy days—in violation of the provisions of said ordinance. That no part of the penalty forfeited by reason of such failure has been paid, but the whole amount, to-wit, the sum of seven hundred dollars, is now due the plaintiff. Wherefore the plaintiff demands judgment against said defendant for seven hundred dollars and costs.'' The demurrer to the petition is in these words: ''Now comes defendant, and, demurring to plaintiff's petition in this action, says it is insufficient in the following particulars: *First.* That it does not appear that the plaintiff corporation had power to adopt the ordinance set out in the petition. *Second.* Because in law plaintiff did not have power to adopt said ordinance. *Third.* Because it does not appear that there is anything peculiar about the crossing which justifies the exceptional requirement of a flagman.'' Counsel for the parties have argued the question whether the city council have power to enact any ordinance on the subject, and whether the ordinance in question is an unreasonable requirement; and counsel for the appellee

contends that the district court had no jurisdiction to enforce the ordinance of the city.

It appears from the petition that Lansing is a city of the second class. Section 1 of chapter 189 of the Laws of 1880 is as follows: "The mayor of cities of the second class or incorporated towns shall have exclusive jurisdiction of violations of the city ordi‑ nances: provided that, if he is unable to hold court, or in case of his absence from the city or town, the action may be brought before any justice of the peace having an office in the city or town." The district court has general original jurisdiction, both civil and criminal, when not otherwise provided. Code, section 161. It is plainly and unmistakably provided in the act of 1880, above cited, that the mayor of a city of the second class shall have exclusive jurisdiction of violations of the city ordinances. There is but one conclusion which can be reached as to the jurisdiction, and that is that an action in the district court cannot be maintained.

II. It is probable that the question of jurisdiction was not raised in the district court. We infer that

**2. Jurisdiction: objection first raised in supreme court.** such was the fact, because it is not directly raised by the demurrer, and is not alluded to in the argument of the appellant. But it is a familiar rule of practice that the jurisdiction of a court may be challenged at any time in the progress of the cause, and, if not raised by the parties, courts will take notice of questions of jurisdiction. *Kline v. Kline*, 57 Iowa, 386. If we were to determine this appeal upon the other questions argued by counsel it would at least be a recognition of the jurisdiction of the district court, and would tend to embarrass the enforcement of city and town ordinances. And the impropriety of determining any question without jurisdiction is mani‑ fest.

The judgment of the district court is AFFIRMED.