P. S. Moser, Appellant, v. Boone County, Iowa.

**Fee for  Post  Mortem  Examination—Power  of  Board  of Supervisors.**  A physician who makes such an examination on the direction of the coroner, may recover a reasonable compensation therefor, and is not bound to accept the amount allowed him for said service, by the board of supervisors—GRANGER, C. J., *dissenting*.

*Appeal from Boone District Court.*—Hon. S. M. Weaver, Judge.

Wednesday, May 23, 1894.

Action to recover an amount alleged to be due the plaintiff for services rendered at the request of the ·coroner of Boone county.   There was a judgment in in favor of the defendant, from which the plaintiff ·appeals.—*Reversed.*

*Ramsey & Baker* and *Jordan & Brockett* for appellant.

*J. R. Whitaker* for appellee.

ROBINSON, J.—The material facts involved in this case, shown by a certificate of the trial judge, are as follows: The plaintiff is a practicing physician and surgeon, and was duly summoned by the coroner of Boone county to make an examination of the dead body of one Elias Phipps, upon which an inquest was being held. In response to the summons, plaintiff made an examination of the body, and the fact was reported to the board of supervisors of Boone county by the coroner, who certified that the services rendered by the plaintiff in making the examination were reasonably worth the sum of fifty dollars. The board of supervisors allowed only twenty-five dollars, which the plaintiff refused to accept, and brought this action to recover the sum of fifty dollars. The case was tried in the district court, and, when the evidence for the plaintiff had been offered, the court withdrew the case from the jury, and rendered judgment in favor of the defendant for costs. We are required to determine whether in case a physician makes a *post mortem* examination of a body, by the direction of the corner, he is bound by the allowance for his services which the board of supervisors makes as reasonable, or whether he may recover more by showing his services were of greater value than the amount so allowed. This cause has been submitted to us twice. An opinion was filed on the first submission (55 N. W. 327), but a petition for a rehearing was presented and sustained, and the cause was again submitted for our determination. Section 368 of the Code, which referred to inquisitions upon the bodies of deceased persons, was as follows: "Section 368. In the above inquisition by a coroner, when he or the jury deem it requisite, he may summon one or more physicians or surgeons to make a scientific examination, and shall allow in such case a reasonable compensation, instead of witnesses fees." The case of *Cushman v. Washington Co.*, 45

Iowa, 255, arose under that section, and it was therein
decided that the coroner, or the justice acting in his
absence, was the officer or tribunal exclusively charged
with fixing the compensation of the person who should
make the examination required.   It was said, further,
that, as an allowance in that case had been made, it
was in the nature of an adjudication which was still in
force.   It was not decided that there could be no relief
from the action of the officer or tribunal in fixing an
inadequate compensation, but the court said it was not
clear what, if any, remedy was provided for such a case.
In the case of *Sanford v. Lee Co.*, 49 Iowa, 148, it was
said, on the authority of the *Cushman* case that, the
coroner having allowed the claim of the physician who
had made the examination, it was a liquidated demand
which the county was bound to pay in the absence of
fraud.   After those decisions were rendered, the twen-
tieth general assemby amended section 368 of the Code
to read as follows: "Section 368. In the above inquisi-
tion by a coroner, when he or the jury deem it requisite,
he may summon one or more physicians or surgeons
to make a scientific examination, who, instead of wit-
ness fees, shall receive such reasonable compensation as
may be allowed by the county board of supervisors."
Chapter 64, Acts, Twentieth General Assembly.   The
claim for services rendered under the section as
amended is not liquidated when it is presented to the
board of supervisors for allowance.   That board has
power "to examine, settle and allow all just claims
against the county, unless otherwise provided by law."
Code section 303.   "(4)   No action can be brought
against a county on any unliquidated demand until it
has been presented to the board and payment demand-
ed."   Code, section 2610.   Ordinarily, the action of the
board on an unliquidated claim is not final, but suit
may be brought thereon after it has been presented to
the board as required by the statute.   *Armstrong v.*

*Tama Co.*, 34 Iowa, 309; *Curtis v. Cass Co.*, 49, Iowa, 421. Section 4 of chapter 73 of the Acts of the Twenty-first General Assembly provides that "with the approval of the district court he (county attorney) may procure such assistance in the trial of a person charged with the crime of felony as he shall deem necessary, and such assistant, upon presenting to the board of supervisors a certificate of the district judge before whom said cause was tried, certifying to the service rendered, shall be allowed a reasonable compensation therefor, to be fixed by the board of supervisors." That statute was considered in the case of *Stone v. Marion Co.*, 78 Iowa, 15, 42 N. W. Rep. 570, and held to require the board to fix a reasonable compensation. It was further held that, if the amount fixed was not reasonable, the plaintiff was under no obligation to accept it, but had a right to resort to the courts for a determination of the amount to which he was entitled. The legal effect of the provision considered in that case is so nearly identical with the one which we are now required to construe that the same rule applies to both. Following the rule announced in the *Stone* case, we hold that it was the duty of the board of supervisors to allow a reasonable compensation for the services in question, and that, if it did not, the plaintiff had a right to collect such compensation by an action against the county. The judgment of the district court is REVERSED.

GRANGER, C. J. (*dissenting*). I adhere to the views expressed in the dissenting opinion in *Stone v. Marion Co.*, and dissent from the views of the majority opinion in this case, in so far as they are in conflict therewith.