F. M. HODGES v. TAMA COUNTY, Appellant.

**Establishing Claim for Stock Killed by Dogs: Jurisdiction.** Chapter 70, Acts, Twentieth General Assembly, provides the method by which claims for stock killed by dogs shall be collected, and that payment shall be made, upon proof satisfactory to the board of supervisors. *Held,* the district court has no jurisdiction to pass upon such claims.

**Same on Appeal: Certificate.** Jurisdiction may be raised for the first time, on appeal, though the certificate upon which the appeal is based presents no such question.

*Appeal from Tama District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, OCTOBER 4, 1894.

THIS case was brought under section 3408 of the Code, which provides that "parties to a question of difference which might be the subject of a civil action, may, without action, present an agreed statement of the facts thereof to any court having jurisdiction of the subject-matter." Judgment was rendered in favor of the plaintiff, from which the defendant appeals, the trial judge having granted a certificate as provided in section 3173 of the Code.—*Appeal dismissed.*

*C. B. Bradshaw* for appellant.

*W. H. Stivers* for appellee.

GIVEN, J.—I. The question certified arises under chapter 70, Acts, Twentieth General Assembly, as amended by chapter 42, Acts, Twenty-second General Assembly, and is stated as follows: "Where a domestic animal is injured by dogs whose owner is unknown, and the owner of said injured animal cares for said animal the best that could be done, in hopes of curing

it, until after sixty days from the date of the injury by
dogs, when, on account of such injuries, it became
necessary to kill such injured animal, which was then
done, and where the claim of said owner for compensa-
tion for said injury by dogs was filed with the auditor
of the county more than sixty days after the animal
was first injured, but within sixty days after it was
killed as aforesaid, was such filing of said claim within
the sixty days' limitation of said statutes, or is the
claim barred by reason of being filed more than sixty
days after the time the animal was first injured?" Said
chapter, after providing for the assessment and col-
lection of the tax on dogs, and that such tax shall be
kept as a special fund, "to be known as the Domestic
Animal Fund," provides as follows: "Any person
damaged by the killing or injury of sheep, or any other
domestic animal, by a dog or dogs, may present to the
board of supervisors of the county in which such kill-
ing or injury occurred, a detailed account of such
killing or injury, stating the amount of damage claimed
therefor, and verified by affidavit, such claim to be
filed with the county auditor, at least ten days before
some regular session of the board and within sixty
days from the time such killing or injury occurred.
At the first regular session of the board of supervisors
after such claims shall have been filed for ten days as
herein provided, the same may be established by proof
before the board; and upon the hearing thereof the
claimant shall establish his claim for damages by testi-
mony satisfactory to the board.  It shall also be made
to appear to the satisfaction of said board that such
damage was not caused in whole or in part, by a dog
or dogs owned or controlled by the claimant, and that
claimant does not know whose dog or dogs caused the
damage, and that said damage was caused by dogs;
or, in case the owner of such dog or dogs is known to
the claimant, and that such owner has no property

subject to execution, out of which the claim can be made. The board shall hear and determine said claims in the order in which they are filed, unless good cause is shown for continuance, and shall allow the same or such portions thereof as they may deem just, and shall authorize the auditor to issue warrants for the same not to exceed seventy-five per cent of the amount allowed to be paid out of the domestic animal fund." Section 6 provides for paying such warrants between the first and tenth days of January and July of the year, out of said fund, and that if the fund is insufficient the warrants be paid pro rata; also that if, at any period named, there shall remain more than two hundred and fifty dollars after paying all such warrants, it shall be transferred to the county fund. See McClain's Code, section 2292.

II. Counsel for appellant, while conceding that the question of jurisdiction was not made below, contends that the district court had no jurisdiction of the matter in controversy, and consequently that this court has no jurisdiction. It is beyond question that, unless the district court had jurisdiction of the case, none is conferred on this court by the appeal. It is a familiar rule that this court will, even upon its own motion, inquire as to its jurisdiction. *White v. Beatty*, 64 Iowa, 331, 20 N. W. Rep. 459. True it has been frequently held that, on appeals based upon a certificate of the trial judge, this court will only consider the questions certified, but this does not apply to questions of jurisdiction; and, while it is true that the certificate before us does not, in terms, present the question of jurisdiction, we must determine that we have jurisdiction of the case before we can consider questions involved therein. The evident purpose of said chapter 70 is to provide a fund by collecting a tax on dogs, out of which to indemnify those whose domestic animals are killed or injured by the dog or dogs of

another, when the owner is unknown, or, if known, has no property subject to execution, out of which the claim can be made. If the owner of the dog is known, and has property subject to execution, out of which the claim can be made, the parties are left to their rights under the common law. It is only when the owner is unknown, or unable to respond in damages, that the injured party is entitled to indemnity out of this special fund, and then, not because of any common law liability upon the part of the county, but solely because of the provisions of said chapter 70. Such claims are not, strictly speaking, claims against the county, but against the domestic animal fund. The injured party is not entitled to share in that fund until he has established his claim by proofs satisfactory to the board and then only to share pro rata, if the fund is insufficient to pay all such claims.

It is certainly clear that the rights given and the liability created by said chapter 70 are exclusively statutory. Said statute expressly provides that the board of supervisors shall hear and determine said claims, and impose, upon the claimant the burden of establishing certain facts to the satisfaction of said board "by proof before the board." Said chapter not only gives a right and creates a liability which did not exist at common law, but provides a special tribunal, namely, the board of supervisors, before which the right must be asserted and the liability ascertained. In *Cole v. City of Muscatine*, 14 Iowa, 296, this court held as follows: "Where a statute gives a right and creates a liability which did not exist at common law, the statute at the same time provides a specific mode, and that alone must be pursued." See *Lease v. Vance*, 28 Iowa, 509. Claims under said chapter 70 are unlike ordinary claims against the county, in that they are not for any wrong

done by the county, or for a debt against it, but rest solely upon the right to be indemnified out of a special fund. The power of the board with respect to such claims is also different, in that it is authorized to hear evidence, and to determine the rights of the claimant. *Stone v. Marion Co.*, 78 Iowa, 15, 42 N. W. Rep. 570, was an action to recover for services rendered in assisting the county attorney in the trial of a felony, with the approval of the court. The statute required the board of supervisors "to fix a reasonable compensation for the services rendered." It was held that, "if the amount it fixed was unreasonable, plaintiff was under no obligation to accept it, but had a right to resort to the courts for a determination of the amount to which he was entitled." Following this rule, it was held in the recent case of *Moser v. Boone Co.*, 91 Iowa, 359, 59 N. W. Rep. 39, that a physician who made a post mortem examination at the instance of the coroner, and who was entitled to a reasonable compensation therefor, was not concluded by the amount allowed by the board of supervisors, and that if a reasonable amount was not allowed, plaintiff had a right to collect such compensation by an action against the county. In those cases the claimants were entitled to reasonable compensation, and no question could arise before the board, except as to the amount. The amount to be paid was a debt against the county, and not against any special fund, as in this case.

It seems to us quite clear that the legislative intent is that the board of supervisors alone shall have power to pass upon claims presented under said chapter 70; therefore, that the question of difference between these parties can not "be the subject of a civil action nor within the jurisdiction of the district court." It follows from this conclusion that the appeal must be DISMISSED.