E. Bourrett, Appellant, v. Palo Alto County.

**Bounty: counties:** *Powers of board.* The board of supervisors has no discretion to refuse a bounty for a wolf skin, if the complainant has fully complied with the law. and the facts are undisputed, under Acts Twenty-fourth General Assembly, chapter 37, providing for the allowance of such a bounty upon a certified statement of the facts, together with such other evidence as the board may demand, showing the claimant to be entitled thereto, and if they so refuse, the bounty may be recovered in a court of law.

*Appeal from Palo Alto District Court.*—Hon. W. B. Quarton, Judge.

Wednesday, January 19, 1898.

THE petition shows that Charles Baker killed, in Palo Alto county, twelve adult wolves, and one cub wolf in August, 1893; that in September, 1893, Baker filed his bill in the office of the county auditor of said county, showing him to be entitled to the bounty on said wolves, as provided by law; that he produced the whole skin of each of the thirteen wolves to the county auditor, who destroyed the same, by burning them; that the county auditor gave to Baker a receipt for said skins so received and destroyed; that plaintiff is the assignee of said account; that, at the regular meeting of the board of supervisors of said county in November, 1893, the said account was laid over till the September meeting, 1894, that, while the account was pending before said board of supervisors, it directed that other affidavits be filed showing that Baker caught and killed said wolves in Palo Alto county, which affidavits were filed, showing such facts; that all evidence demanded by the board was furnished; and that thereafter said board refused to allow the account. The petition asks judgment for one hundred and twelve dollars. To the petition there was a demurrer, which the court sustained, and gave judgment for defendant for costs, and the plaintiff appealed.—*Reversed.*

*Thos. O'Connor* for appellant.

*John Menzies* for appellee.

GRANGER, J.—The following are section of the Code of 1873:

"Sec. 1487. A bounty of one dollar shall be allowed on each scalp of a wolf, * * * to be paid out of the treasury of the county in which the animal was taken, upon a verified statement of the facts showing the claimant to be entitled thereto.

"Sec. 1488. The person claiming the bounty shall produce such statement, together with the scalp or scalps, with the ears thereon, to the county auditor, or a justice of the peace of the county wherein such wolf * * * may have been taken and killed; and the officer before whom such scalps are produced shall deface or destroy the scalps when so produced, so as to prevent the use of the same to obtain for the second time the bounty herein provided for."

In *Murray v. Jones County*, 72 Iowa, 286, in construing these sections, it is held that where it appeared that the affidavit had been made before the justice, and he had certified that the wolf scalps has been delivered at his office, by the claimant, who was entitled to the bounty, and he had destroyed the same, it was sufficient to justify a recovery; it being the statutory intent that, if the justice was satisfied that the bounty had been earned, it was all that was required. Chapter 37, Acts Twenty-fourth General Assembly, repealed the above-quoted sections, and enacted in lieu thereof: "A bounty shall be allowed on the skin of a wolf * * * as follows: Five dollars on an adult wolf and two dollars on a cub wolf, * * * to be paid out of the treasury of the county in which the animal was taken, upon the certified statement of the facts, together with such other evidence as the board of supervisors may demand, showing the claimant to be entitled thereto." Another section provides that the person claiming the bounty shall produce the statement, together with the whole skin of the animal, to the county auditor, who shall destroy or deface the same, to prevent their further use for the same purpose. For the purposes of our consideration, to show whether the county is absolutely liable where the claimant has done all that the law requires, and the evidence is conclusive of the facts in favor of the claimant, there seems to be no change in the law other than the words "together with such other

evidence as the board of supervisors may demand showing the claimant entitled thereto."

The demurrer presents the objection to the petition that the district court has no jurisdiction of the subject-matter of the action; that the liability of the county is purely statutory; and that the board of supervisors alone has power to pass upon and allow or disallow the claim. Reliance is placed on our holding in *Hodges v. Tama County*, 91 Iowa, 578. That was an action brought to recover for sheep killed by dogs, under the provisions of chapter 70, Acts Twentieth General Assembly. It was held in that case that under the peculiar provisions of the act, because there was no common law liability for the injury against the county, and the payment was to be made from a special fund, against which the claim was, instead of being against the county, and as the board was authorized to hear evidence and determine the rights of the claimant, the claim could not "be the subject of a civil action, nor within the jurisdiction of the district court." The two statutes are widely different in the particulars to be considered for the purposes of this case. In that statute the county is not made liable for a service rendered in behalf of the public in the interest of the preservation of property generally. That act does not say that there shall be compensation for such losses upon the facts being found. It does not provide for payment by the county, and it does provide that "the board shall hear and determine such claims, * * * and shall allow the same or such portions thereof as they may deem just." The statute in this case is that "a bounty shall be allowed on the skin of a wolf," fixing the amount. It is a provision to encourage and compensate the killing of animals that are a public enemy. Without the words as to "other evidence," there is not room for doubt that the law intended that the payment should be made on the "certified statement

of the facts." It cannot be that the words "together with such other evidence as the board of supervisors may demand showing the claimant entitled thereto" are intended to invest the board with a discretion to pay or not if the essential facts are established to its satisfaction. It is to be understood that the only question we have before us, is whether, with the facts conceded that the claimant has fully complied with the law, and the facts are without dispute, he may enforce his claim in a court of law, if denied to him by the board. It seems to us the statute means this: That, besides the certified statement, the board may demand other evidence, with a view of knowing if the facts justify the payment of the bounty. If so, its payment is the legal right of the claimant. So long as the facts are open to question, it is a matter within the discretion of the board, but that discretion cannot overrule undisputed facts in favor of the claimant. The judgment is REVERSED.