QUIGG, Respondent, vs. MONROE COUNTY, Appellant.

*October 17, 1907—January 8, 1908.*

*Appeal from county board: Record: Certificate of county clerk: Presumptions: Physicians and surgeons: Post-mortem examination: Fees: Filing claim against county: "Demand:" "Amount:" County boards: Jurisdiction: Powers: Discretion: Appeal and error: Affirmance: Interest: Offer to remit: Inquests: Presumption of legality: Findings.*

1. On an appeal to the circuit court from the refusal of a county board to allow in full a claim presented against the county, a motion was made to dismiss the appeal for want of jurisdiction, but no objection was made that the account returned by the county clerk was not the original. *Held*, on appeal, that the question whether the account as presented to the county board was returned to the circuit court was not before the supreme court.

2. In such case the circuit court found that the claimant duly filed his claim in writing with the county clerk of the defendant county, properly signed and verified; and the record showed that the county clerk made due return to the circuit court and certified, as required by sec. 684, Stats. (1898), "that the foregoing . . . are all the papers in my possession" relating to said appeal, and that among the papers returned there appeared an account of plaintiff. *Held*, that the supreme court could not disregard the return and say that the original account was not returned or that the account before the latter court was not proper.

3. In such case the account in the record, for the purposes of the appeal, is *held* to be the original filed, although it was marked "copy."

4. A claim for the fee of a physician for performing a *post-mortem* examination ordered under sec. 4870, Stats. (1898), is not such an account as is, by the calls of sec. 677, required to be itemized, and such a claim filed, set out in the statement preceding the opinion, is *held* to have given the county board jurisdiction.

5. Every claim or demand is not an account, although every account is a claim.

6. The provisions of sec. 4870, Stats. (1898), governing compensation to physicians for *post-mortem* examinations, that such

physician, so subpœnaed, shall, instead of witness fees, receive such reasonable compensation as may be allowed by the county board, to be not less than five dollars for each examination, vest in county boards power to fix the fee, subject to the limitations that it shall be reasonable and not below the minimum and that the action of the county board in fixing the fee is subject to review on appeal to the circuit court.

7. Plaintiff, a physician, by direction of a justice of the peace holding an inquest, pursuant to sec. 4870, Stats. (1898), performed a *post-mortem* examination and duly filed his claim therefor in the sum of $50 with the county clerk. The claim was allowed by the county board at the sum of $10, and the circuit court on appeal found that the amount allowed was unreasonable and allowed the claim as filed in full with interest. *Held:*

(1) The finding of the circuit court was supported by the evidence.

(2) The allowance of interest, amounting to only the fraction of a dollar, was not prejudicial to appellant, especially since no objection was made on that ground in the court below, and the respondent on the hearing offered to remit it.

8. In such case, it appearing from the findings that an inquest was being held when the *post-mortem* was performed by plaintiff, in the absence of objection or showing to the contrary it is presumed the inquest was being lawfully held.

9. Such presumption also attaches to findings that plaintiff was subpœnaed and that he was a competent physician.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This is an appeal by defendant, *Monroe* county, from a judgment of the circuit court in favor of plaintiff. Respondent performed services at a *post-mortem* examination, and filed the following bill with the county board:

"Sparta, Wisconsin, November 23, 1905.
"The County of *Monroe* to *C. E. Quigg*, M. D., Dr.

Nov. 21–22, 1905. To *post-mortem* of the body of James Decorah, opening of abdominal, thoracic, and cranial cavities, also removing cervical vertebræ from the body and preparing same for examination, by order of the jurors and assistant district attorney...................... $50.00

"State of Wisconsin, *Monroe* County—ss.:

"*C. E. Quigg,* M. D., being duly sworn, says the above account is just and true, and that no part thereof has been allowed or paid.    C. E. Quigg, M. D.

"Subscribed and sworn to before me this 23 day of Nov. 1905.    E. Bartels, Justice of the Peace."

On the reverse side of the bill appeared the following:

"No. 92. Account of *Dr. C. E. Quigg* against *Monroe* county for *post-mortem.* Amount claimed, $50. Amount allowed, $10. Filed in the county clerk's office Nov. 24, 1905. County of *Monroe,* Wis. C. B. Drowatzky, Co. Clerk."

The county board allowed the bill at $10, from which decision respondent appealed to the circuit court. The circuit court allowed it at $50, with interest from date of filing, and found that the services were reasonably worth $50 and that respondent duly filed his claim for the sum of $50; that such claim was properly signed and verified; that respondent at the request of the district attorney and by order of a justice of the peace before whom an inquest was being held was subpoenaed and ordered to perform a *post-mortem* operation upon the body of one James Decorah—and found as conclusions of law that *Monroe* county became indebted to the respondent in the sum of $50 and that it should have been allowed by the county board at such sum; that respondent should have judgment for $50, with interest from the 24th day of November, 1905, together with costs. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Wm. B. Naylor, Jr.,* district attorney, and *Wm. R. McCaul,* assistant district attorney, of counsel, and the cause was argued orally by *Mr. Naylor.*

For the respondent there were briefs by *Graham & Graham,* and oral argument by *John G. Graham.*

The following opinion was filed November 5, 1907:

KERWIN, J.  1.  It is urged by counsel for appellant that
the appeal should be dismissed for the reasons (1) that the
account presented to the county board was not returned to
the circuit court on appeal; and (2) that, even if the ac-
count presented had been lost or destroyed, it was not a suffi-
cient statement of account under sec. 677, Stats. (1898).
On the appeal in the circuit court a motion was made to
dismiss the appeal for want of jurisdiction.  No objection
was made that the account returned was not the original, and
therefore nothing is before us on the subject except the rec-
ord.  True, on the account returned is marked the word
"copy."  We are not prepared to say that the copy might
not be sufficient under some circumstances where the original
had been properly filed and was lost or destroyed.  *Miller
v. Crawford Co.* 106 Wis. 210, 82 N. W. 175.  The court be-
low found that the respondent duly filed his claim in writing
with the county clerk of *Monroe* county, properly signed and
verified.  The county clerk made due return to the circuit
court on appeal and certified, as required by sec. 684, Stats.
(1898), "that the foregoing is a true statement of the pro-
ceedings of the county board in the case of *Dr. C. E. Quigg,*
appealed from, and that the notice of appeal, bond, and other
papers are all the papers in my possession relating to such
appeal."  Among the papers returned appears an account
which is set out in the statement of facts, and, the appeal and
certificate being in due form, we cannot disregard the return
and say that the original account filed was not returned or
that the account here upon the appeal is not proper.  When
an account is returned and in the record over a proper cer-
tificate of the county clerk on an appeal from the determina-
tion of the county board, and especially where the point was
not raised below, we cannot say that the account filed with

the county board is not properly here.    We think the account in the record must be regarded for all purposes of the appeal as the original account filed.

It is further contended that the account appearing in the record is not in compliance with sec. 677, Stats. (1898), and therefore the county board was without jurisdiction to act on the claim.    Sec. 676, Stats. (1898), provides that no action shall be brought or maintained against a county upon any account, demand, or cause of action when the only relief demandable is a judgment for money; and sec. 677 provides, in effect, that any persons having a claim against a county shall make a statement thereof in writing setting out the nature of the claim and all facts upon which it is founded, and, if the claim be an account, the items thereof separately, the nature of each, and the time expended in the performance of any services charged for when no specific fees are allowed therefor by law, and, where the claim is for mileage, the statement must specify dates and places so as to show between what points the travel was had and for what purpose.    It seems quite clear that by this legislation a difference between an account and a demand was contemplated, and that the legislature intended that only accounts or claims in the nature of accounts should be itemized, and that a claim for a fee of a physician for performance of a *post-mortem* examination under sec. 4870, Stats. (1898), is not an account required to be itemized by sec. 677.    This we think is quite apparent from the nature of the services to be performed by the physician.    Originally he was allowed a fee as a witness, but by amendment to the statute, which is embodied in sec. 4870, he is to receive, instead of witness fees, such reasonable compensation as may be allowed by the county board of supervisors, not less than $5 for each examination.    As will be seen from an examination of the claim set out in the statement of facts, the services performed are quite specifically detailed, and as much so as could well be expected even if

claimant were required to make a statement in the form of an account. We think this claim sufficiently complied with the statute to give the county board jurisdiction.

The cases relied upon by counsel for appellant are where the claims were accounts consisting of a long list of items. Hence it was necessary under the statute that the items be stated separately, the nature of each, and the time expended in the performance of the services charged for. But every claim or demand is not an account, though every account is a claim. *Stringham v. Winnebago Co.* 24 Wis. 594; *Grimm v. Jefferson Co.* 62 Wis. 572, 22 N. W. 857. The object of the legislature in the provisions with reference to accounts was plainly to bring before the county board such information as would enable it to examine intelligently and eliminate improper charges and thus detect abuses in the allowance of claims. *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460.

2. It is further claimed by appellant that the court erred in overruling the decision of the county board as to the amount due respondent. Sec. 4870, Stats. (1898), provides:

"Such physicians and surgeons so subpœnaed shall, instead of witness fees, receive such reasonable compensation as may be allowed by the county board of supervisors, provided that such additional compensation shall not be less than five dollars for each examination."

It is claimed that this section vests in the county board power to fix the fee subject only to the limitation of $5. The question presented under this head involves the construction of this statute. It seems the legislature had in mind that the physicians and surgeons so subpœnaed should be paid reasonable compensation for their services in lieu of witness fees, which under the former statute they received. True, the legislature provided that such reasonable compensation shall be allowed by the county board. But did the legislature

mean that the county board might fix the compensation for the services at an unreasonable amount and such allowance be not subject to review? If so, then the phrase "such reasonable compensation" is surplusage and without effect in the statute. We cannot think that the legislature had any such purpose in mind, but, on the contrary, intended what the ordinary meaning of the words import, namely, that the physicians and surgeons performing such services should receive reasonable compensation for their services. Nor can we see any sound reason for a different construction. To require the performance of such services for such compensation as the county board might allow, though one half or one third what such services were reasonably worth, would seem to be out of harmony with the letter and spirit of the statute. *Dane Co. v. Smith*, 13 Wis. 585. Moreover, sec. 683, Stats. (1898), providing for an appeal to the circuit court from the disallowance in whole or in part of any claim by the county board, seems clearly to cover the case before us. If so, then no reason is perceived why a person appealing in such a case should not be entitled to a review the same as in any other appeal from the decision of the county board. We think the appeal provided for brings the whole matter before the circuit court for review and determination unhampered by the determination of the county board. Under the Iowa statute, quite similar to our own, the supreme court of that state held that a physician making a *post-mortem* examination by direction of the coroner was entitled to reasonable compensation for his services, and, if the allowance made by the board was not reasonable, the physician might maintain an action to recover reasonable compensation for his services against the county. *Moser v. Boone Co.* 91 Iowa, 359, 59 N. W. 39. And in *Stone v. Marion Co.* 78 Iowa, 14, 42 N. W. 570, it was held that a statute providing for the employment of an attorney to assist the district attorney, and that such assistant employed shall be allowed a reasonable

compensation for his services to be fixed by the board of supervisors, does not render the decision of the county board final as to the amount to be allowed, but, if an unreasonably small sum be fixed, proper compensation may be recovered by action against the county. The court below found the amount allowed unreasonable, and the finding is well supported by the evidence. In fact no evidence was offered to the contrary.

3. Error is assigned because the court allowed interest on the claim. The item of interest complained of is very small, being, as we believe, only a fraction of a dollar, and perhaps might be classed within the rule of *De minimis non curat lex.* But in any event we do not think the appellant can complain of it here, since no objection was made on this ground below, and, besides, the respondent offers to remit it. Under such circumstances the judgment should not be disturbed on that ground. No claim is made by respondent that this interest item was properly allowed, so we have not considered whether it was or not. We assume it was not, since no claim to the contrary is made by respondent and he offers to remit it.

4. Error is assigned on the findings and evidence on the following grounds: (1) That it does not appear a lawful inquest was held; (2) that it does not appear the plaintiff was subpœnaed as a witness; (3) that it does not appear the physician was a competent physician. The court below found that on the 21st day of November, 1905, the plaintiff, at the request of the assistant district attorney and by order of E. Bartels, justice of the peace, before whom an inquest upon the body of one James Decorah was being held, was subpœnaed and ordered to perform a *post-mortem* examination on the body of said Decorah, and that in accordance with such order the plaintiff performed the operation. It appears from the findings that an inquest was being held when such *post-mortem* examination was performed by the plaintiff,

and, in the absence of objection or showing to the contrary, it must be presumed that the inquest was being lawfully held. It also appears from the findings that the plaintiff was subpœnaed and ordered to perform the *post-mortem.* The statute (sec. 4870) imposes upon the justice the duty to subpœna one or more competent physicians or surgeons, and having subpœnaed the respondent to perform the operation, and there being no objection to the competency of such physician in the lower court, it must be presumed here that respondent was competent. *Rider v. Ashland Co.* 87 Wis. 160, 58 N. W. 236. We must therefore hold upon the record here that a lawful inquest was being held and that the respondent was a competent physician and duly subpœnaed.

It follows that the judgment below must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.

SIEBECKER, J., dissents.

A motion for a rehearing was denied January 8, 1908.