Incorporated Town of Scranton, Appellee, v. Lewis Hensen, J. G. Black, L. O. Keedick and W. H. Jameson & Co., Appellants.

Municipal corporations: RECOVERY OF LICENSE: JURISDICTION. The mayor of a city or town has exclusive jurisdiction of an action to recover of a transient merchant a license imposed upon him by an ordinance for transacting business within the corporation, and therefore an action of that character cannot be maintained in the district court.

Same. Mere imposition of a license by the mayor under a city ordinance does not constitute either a license or a debt, prior to payment and taking out of the license.

*Appeal from Greene District Court.*—HON. M. E.
HUTCHINSON, Judge.

TUESDAY, JANUARY 20, 1914.

THIS is a civil action brought by the incorporated town
of Scranton in the district court of Greene county against
the defendants to enforce the provisions of an ordinance of
the said town, to wit, to collect by a civil suit in the district
court certain license fees provided by the said ordinance in
case of transient merchants. There was a demurrer to the
petition, which was overruled. Defendants elected to stand
on the demurrer, and judgment was rendered against them
for $140, with interest and costs. Defendants appeal.—*Re-*
*versed.*

*John Y. Luke,* for appellants.

*B. O. Clark,* for appellee.

PRESTON, J.—A branch of this case has been here before.
*Town of Scranton v. Hensen,* 151 Iowa, 221. The ordinance
in question will be there found, and we shall not take the
space to again set it out. In the instant case the original peti-
tion alleged that defendants sold goods as transient merchants
for one hundred and twenty days, and that a reasonable
charge against them, under the ordinance, for carrying on
said business, would be $2.50 per day, an aggregate of $300.
By an amendment to the petition, plaintiff alleged:

That the mayor of said town, under and by virtue of the
power, authority, and discretion invested in him by virtue
of the law and the ordinances of said town, fixed and named
the sum of $50 per month for one month as the license for said
defendants to pay for carrying on and conducting said tran-
sient mercantile business in said town and the sum of $30 per
month for each and every succeeding month after the first

month they had so conducted and carried on said transient and temporary mercantile business, and plaintiff alleges said sums to be a reasonable license for defendant to pay for conducting and carrying on said business, and the said mayor of said town at said time directed and demanded that said defendants pay said sums as licenses under the town's ordinances of said town amounting in the aggregate to the sum of $140, which sum and all parts thereof the defendants have at all times refused to pay. Wherefore plaintiff prays for judgment against the defendants for the sum of $140, with interest at 6 per cent. from May 25, 1910, and for costs of this action.

Three propositions are relied upon by appellants. The first two may be stated as one. They are that the district court had no jurisdiction to entertain this suit or to render judgment therein. Neither is the said town authorized or permitted by the laws of the state to bring such suit in the said district court. The laws of the state define the powers of a city or town, provide a specific way to enforce them, and such specific methods are exclusive of all others; and, third, that the ordinance is void on its face because the amount that could be charged is unreasonable and prohibitive.

Appellants seem to rely most on the first point. The jurisdictional question seems to have been determined in accordance with appellants' contention in *Lansing v. Railway,* 85 Iowa, 215, which was approved in *Ottumwa v. Scott,* 158 Iowa, 385. The point was not raised or decided in *Burlington v. Insurance Co.,* 31 Iowa, 102, cited by appellee. The statute provides that the mayor shall have exclusive jurisdiction of all actions, or prosecutions, for violations of the city or town ordinances. Section 691. As said in the *Scott* case: "The language of section 691 of the Code, in including 'actions' as well as 'prosecutions' for violations of ordinances, plainly contemplates both civil and criminal actions." This is not in conflict with the following cases cited by appellee: *Burlington v. Kellar,* 18 Iowa, 59; *Ewing v. Webster City,*

1. MUNICIPAL CORPORATIONS : recovery of license: jurisdiction.

103 Iowa, 226; *Goodrich v. Brown*, 30 Iowa, 291. In the last case it was held that a justice of the peace has not jurisdiction to hear and determine a criminal prosecution for a violation of a city ordinance under a general law for the incorporation of towns and cities, except in cases where the city council has provided therefor under another section of the statute as it then stood. Whether the council could, under the law as it now is, so provide, has not been argued, is not the point now under consideration, and is therefore not determined. It should be further noticed, in regard to that case, that the word "actions" did not appear in the statute as it existed at that time. It had reference to prosecutions. And the mayor had concurrent jurisdiction with a justice of the peace in other cases.

The basis of the action in the instant case is the fact of the existence of the ordinance requiring a license, and the failure or refusal of defendants to pay for, or take out, such a license. They violated the ordinance in so refusing. The statute provides that the mayor shall have, exclusive jurisdiction of all actions or prosecutions for violations of the city or town ordinances. Code, section 691. Section 692 does not permit a change of venue from a mayor's court in actions or prosecutions under ordinances. This strengthens the idea, stated in section 691, that the jurisdiction of the mayor is exclusive. The district court has general, original, and exclusive jurisdiction of all actions, proceedings, and remedies, both civil and criminal, except in cases where exclusive or concurrent jurisdiction is or may hereafter be conferred upon some other court or tribunal by the Constitution and laws of the state, etc. Code, section 225.

The following cases have a bearing on the question now under consideration:

The law having provided that the mulct tax shall be a lien upon the real estate where intoxicating liquor is sold, and that such tax may be enforced in the same manner as provided by law for the collection of ordinary taxes, by tax

sale, etc., held that a suit in equity cannot be maintained to enforce such lien, even where it is alleged that the other methods are inadequate. That is, a specific remedy being provided, it is exclusive of all others. *Crawford County v. Laub,* 110 Iowa, 355.

The method provided by the statutes for the collection of taxes is exclusive of all others. Taxes are not recoverable as a debt. *Plymouth County v. Moore,* 114 Iowa, 700. This was the holding under the statute as it then existed.

Where the Legislature provided a method by which claims for stock killed by dogs could be collected, held, that the district court had no jurisdiction to pass upon such claims. *Hodges v. Tama County,* 91 Iowa, 578.

Where the statute makes the fence viewers a special tribunal for adjudication of rights and settlement of controversies of adjoining owners respecting the erection and maintenance of partition fences, no action will lie in the courts for that purpose. *Lease v. Vance,* 28 Iowa, 509.

The United States government cannot maintain a suit for the collection of taxes, in the absence of an express provision of statute. *U. S. v. Chamberlain et al.,* 156 Fed. 881 (84 C. C. A. 461, 13 Ann. Cas. 720).

The question must be determined largely under our own statutes. We are referred, by appellee, to section 693 of the Code, which provides that: "Fines and penalties may in all cases and in addition to any other mode provided, be recovered by action before a justice of the peace or other court of competent jurisdiction," etc. But counsel concede that the recovery sought in this action is not a fine or penalty. The *Lansing* case, in 85 Iowa, *supra,* does not refer to section 693, which was then section 483 of the Code of 1873. There has been some change in the statute since the decision in the *Lansing* case. At that time the statute read: "The mayor of cities of the second class, or incorporated towns, shall have exclusive jurisdiction of violations of the city ordinances." Whereas, the statute now is as heretofore quoted. Both give

the mayor exclusive jurisdiction. Section 693 is now substantially the same as it was in the Code of 1873. The only material change is the addition of the words "and penalties," thus authorizing recovery of fines and penalties.

Appellee contends that a license fee for conducting and carrying on a transient mercantile business is, and becomes, a fixed indebtedness after the license fee has been fixed and the demand made, and the carrying on of said business, without purchasing and paying for a license, is actionable in any civil court that has jurisdiction to maintain suits for the collection of debts. Cases are cited from other jurisdictions in support of the claim. In reply to this, appellants say that they did not apply for a license and none was issued; that they have resisted the payment of a license in any sum; and that the mere fixing of the amount of the charge by the mayor, without any agreement, express or implied, or assent thereto by the defendants, does not create a debt. 13 Cyc. 393. That so fixing the amount is no more a debt than a tax regularly levied, and which was held in *Plymouth County v. Moore,* 114 Iowa, 700, under the then statute, to be not recovered as a debt. See, also, 13 Cyc. 411, 412; 25 Cyc. 629 (1 and 3).

It is said by appellee that, the mayor having fixed the amount which he claimed the defendants should pay, defendants were licensed and had protection. But there was no license. There was no time that defendants had protection, and there was therefore nothing for which they should pay. Requiring payment now would be in the nature of punishment. We think there was no debt owing from defendants to the city.

2. SAME.

For the reasons given, we think the district court was without jurisdiction, and that the trial court was in error in overruling the demurrer and rendering judgment against defendants. This conclusion renders it unnecessary to determine the third point made by appellant.

The judgment is *Reversed.*

LADD, C. J., and EVANS and WEAVER, JJ., concurring.