## CUSHMAN v. WASHINGTON COUNTY.

1. **Services**: PHYSICIAN: CORONER'S INQUEST. The coroner, or justice acting in his absence, is charged with the duty of fixing the compensation of a physician for performing autopsy upon the body of a deceased person under view, and his decision respecting the amount is in the nature of an adjudication, preventing the physician from maintaining an original action against the county for his services.

*Appeal from Washington District Court.*

THURSDAY, DECEMBER 14.

THIS action is based on the following account:

"WASHINGTON COUNTY, *Dr.*

"To H. CUSHMAN: 1875, May 4. To performing autopsy on the body of Julius Seely, by order of Anson Moore, justice of the peace and acting coroner, $50."

It is alleged in the petition that an inquest was held upon the body of Julius Seely, deceased, and in the absence of the coroner, the same was held by one Anson Moore, a justice of the peace; that said Moore summoned plaintiff, who is a regular practicing physician and surgeon, to make a *post mortem* examination on said body; that plaintiff made such examination, which was reasonably worth $50; that he asked said justice to allow said sum of $50, which was refused, and

no allowance was made by said justice, excepting $5 for witness fees and mileage for attending said investigation; that plaintiff presented said account to the board of supervisors, and allowance thereof was refused; that there was no property found on the body of the deceased with which to pay the costs of the inquest; that the widow, heirs and friends of deceased protested against such inquest and *post mortem* examination, and that said acting coroner directed and instructed plaintiff to proceed in the name of the State of Iowa.

There was a demurrer to the petition, which was sustained, and judgment rendered against plaintiff, and he appeals.

*A. R. Dewey*, for appellant.

*A. H. Patterson & Son*, for appellee.

ROTHROCK, J.—The Code, section 368, provides that, " in the above inquisition by a coroner, when he or the jury deem it requisite, he may summon one or more physicians or surgeons to make a scientific examination, and shall allow in such case a reasonable compensation, instead of witness fees."

1. SERVICES: physician: coroner's inquest.

The coroner, or the justice acting in his absence, is the officer or tribunal exclusively charged with the duty of fixing the compensation in question. For refusal to act on the claim made, he may be compelled to do so by *mandamus*. For allowing an insufficient compensation, as no appeal is allowed, it is not clear what, if any, remedy is provided. The petition in this case shows that the justice refused to allow the claim for $50, but did allow $5 for witness fees and mileage for attending the investigation. This allowance is in excess of ordinary witness fees, and having been made and the same being in the nature of an adjudication still in force, the plaintiff cannot maintain an original action against the county for his compensation.

As this view of the case disposes of it on its merits it is not necessary to examine the other causes of demurrer.

AFFIRMED.