## SANFORD v. LEE COUNTY.

1. **Services : PHYSICIAN : POST-MORTEM EXAMINATION.** The coroner or justice holding a *post-mortem* examination is exclusively charged with the duty of fixing the compensation of a physician employed and testifying thereat. The acceptance, under protest, from the board of supervisors of a less amount than that fixed by the coroner or justice, does not estop the physician to maintain an action against the county for the remainder of his fees.

2. ——— : **REPORT OF TESTIMONY.** If the magistrate shall cause the testimony of the witness to be reduced to writing, he does it for his own convenience, and the county is not chargeable therefor.

*Appeal from Lee Circuit Court.*

WEDNESDAY, SEPTEMBER 18.

THE plaintiff, being a physician and surgeon, made certain *post-mortem* examinations at the request of the coroner of the county, and this action was brought to recover for the services performed.

There were also certain preliminary examinations in criminal actions before justices of the peace, in which the respective justices appointed short-hand reporters, or other persons, to write out the testimony of the witnesses, and the plaintiff, as assignee of the persons appointed, seeks to recover the value of the services so rendered.

There was a demurrer to the petition, which was overruled, and the defendant appeals.

*Frank Allyn* and *Craig & Collier*, for appellant.

*W. H. LaMonte* and *James C. Davis*, for appellee.

SEEVERS, J.—I. As we understand it is averred in the petition, or admitted of record, that the *post-mortem* examinations were made under the direction of the coroner, and that he certified the amount charged therefor was reasonable, and recommended the same to be

allowed by the board of supervisors. This recommendation amounts to an allowance or approval of the amount charged as provided in section 368 of the Code. The board of supervisors disregarded the amount allowed by the coroner, and allowed only a portion of such amount, which the plaintiff accepted under protest, and seeks to recover the residue.

It was held in *Cushman v. Washington County*, 45 Iowa, 255, "that the coroner or justice acting in his absence is the officer or tribunal exclusively charged with the duty of fixing the compensation in question."

The coroner having allowed the plaintiff's claim it became thereby a liquidated demand, and he was not bound to present it to the board of supervisors before bringing an action thereon; for it is only unliquidated demands that must be so presented. Code, § 2610.

By presenting the claim to the board for allowance, and accepting the amount allowed on a liquidated demand, the plaintiff lost nothing. The defendant was bound in the absence of fraud to pay the amount allowed by the coroner, and the presentation of the claim and acceptance of the amount allowed cannot be regarded as an estoppel or bar to his recovery of the whole amount.

The presentation of the claim was an act of courtesy fit and proper to be extended, and it would be a harsh rule to deprive the plaintiff of rights because of its exercise. As to this branch of the case the demurrer was properly overruled.

II. The Code, § 4241, provides that "the magistrate shall in the minutes of the examination write out, or cause to be written out, the substance of the testimony given * * by each witness * *"

2. ———: report of testimony.

Other than this there is no statute authorizing or requiring the examination to be reduced to writing; nor is there any statute making defendant liable to pay for the service in case it is so written out.

The examination and writing required to be done in connection therewith should be done by the magistrate, and for such

services certain fees or compensation are provided by law, and it never was contemplated that the magistrate, for his personal services in conducting the examination, and performing all services required by the statute, should charge or receive any fees or compensation other than that provided by statute.

It is true that the statute does not require the magistrate to write out the testimony of the witnesses, but he may cause it to be done. This provision, however, is for his convenience, and to be exercised at his option. If he so elects the person appointed stands as to compensation in the shoes of the magistrate. The joint or separate action of such parties cannot make the defendant the debtor of either, in the absence of a statute either expressly or by fair implication so authorizing.

The cases of *Hall v. Washington Co.*, 2 G. Greene, 473; *White v. Polk Co.*, 17 Iowa, 413; and *Evans v. Story Co.*, 35 Id., 126, are not applicable.

We are of the opinion that the plaintiff cannot recover for the services performed by the persons appointed by justices of the peace, and as to such items or portion of the petition the demurrer should have been sustained.

REVERSED.