## CURTIS v. CASS COUNTY.

1. **Attorney: SERVICES: CONTRACT.** Where an attorney, appointed by the court to assist the district attorney in prosecuting a case, was told by the board of supervisors, upon presentment of a bill for part of his services, that they would compensate him for future services, it was *held* that the case should not be reversed, because a contract of employment had not been established.

2. **Board of Supervisors: APPEAL.** Upon the rejection of a claim against the county by the board of supervisors, the remedy of the claimant is not limited to an appeal therefrom, but he may maintain an action against the county to recover the amount of his claim.

*Appeal from Cass Circuit Court.*

FRIDAY, OCTOBER 25.

ACTION by an attorney at law to recover for services rendered in prosecuting a prisoner indicted for murder. There was a verdict and judgment for plaintiff. Both parties appeal. The facts of the case appear in the opinion.

*H. G. Curtis* and *Phelps & De Lano,* for plaintiff.

*John W. Scott,* for defendant.

BECK, J.—I. The plaintiff was appointed by the District Court of Cass county, at the August Term, 1876, to assist the district attorney in the prosecution of one Charles Brown, indicted in that court for murder. The services for which suit was brought were rendered under this appointment, and consisted of assistance rendered the district attorney upon two trials, the jury having disagreed upon the first, and in the preparation of the case for each trial. The district judge executed, after the first trial, a certificate of the appointment of plaintiff, and that his services were reasonably worth one hundred dollars, which was presented by plaintiff, with a bill for that amount, to the supervisors. The

claim was allowed and paid.  After the second trial plaintiff presented to the supervisors a like certificate and claim for two hundred dollars, for other services rendered at that trial. The claim was rejected.  Thereupon he instituted this suit, claiming to recover three hundred dollars—one hundred dollars for the balance due him for services upon the first trial, and two hundred upon the last.  The facts first stated are set out in the petition.

The defendant denies in its answer that plaintiff was employed by defendant, and that he rendered the services as set out in the petition with defendant's consent, and denies, generally, liability upon the claim.  It also avers that plaintiff is estopped to set up a claim for service rendered upon the first trial, for the reason that his bill and claim for one hundred dollars were presented to and paid by the supervisors.

The court instructed the jury that the appointment of plaintiff to assist the district attorney in the prosecution of the case, the services rendered in pursuance thereof, and the payment of plaintiff's bill, presented with the certificate of the judge, "will not alone raise any such implied contract as would render the county liable to pay for services performed in the same case thereafter; but in order to render the county liable for any future services there must have been some such action or conduct on the part of defendant's board of supervisors as led plaintiff to reasonably suppose that the board expected and desired that his services in the case should be continued, and that they would pay for the same."

It is insisted by defendant that there was no evidence to authorize a verdict under this instruction.  We are not called upon to inquire into the correctness of the rule of law announced, but to determine whether the verdict is sufficiently supported by evidence of "action and conduct" on the part of. defendant's board of supervisors, which, under the instructions, were necessary to authorize the jury to find a contract between the parties.  We are of the opinion that

there is not such absence of evidence on this point as will justify us, under the familiar rules prevailing here, in disturbing the judgment of the court below. The plaintiff testified that when he presented a bill for services rendered in prosecuting the prisoner before the examining magistrate, the supervisors, while declining to pay it, informed him that they would compensate him for future services in prosecuting the cause in the court. It is true that upon this point plaintiff was contradicted by one of the supervisors. This conflict of evidence the jury was authorized to settle. We cannot say that they could not have properly accepted the statement of plaintiff as true. We think, too, that other evidence is found in the abstract supporting the verdict upon this branch of the case.

II. The defendant's counsel insist that, as the board of supervisors rejected plaintiff's claim, he cannot prosecute this 2. BOARD of supervisors: appeal. suit; the action of the supervisors being final, unless an appeal is taken from their decision. But this court has decided differently. See *Armstrong v. Tama County*, 34 Iowa, 309; *White v. Polk County*, 17 Iowa, 413; *Commissioners of Wapello County v. Sinnaman*, 1 G. Greene, 413.

III. The court held, in an instruction, that the fact of plaintiff's last bill for services being for two hundred dollars would not prevent him from recovering for more if he proved that a greater sum was due him. This is made the ground of an objection. If it were conceded to be erroneous, no possible prejudice resulted therefrom, for plaintiff recovered only one hundred and twenty-three dollars, being less than the amount of the bill presented to the supervisors.

IV. The defendant asked one of the supervisors, who was a witness in its behalf, what that body understood the purport, "the meaning," of the certificate of the judge to be when it was presented to them attached to plaintiff's bill. The court sustained an objection by plaintiff to this question. The ruling was correct. The supervisors, the law presumes, understood the instrument according to the true import of its words; they could not show that they interpreted it differently. Nei-

ther could the witness give his understanding of its legal effect. This the law determines.

It will be observed that we do not pass upon the action of the court in appointing plaintiff to discharge the duties of assistant district attorney, nor determine its effect, for the reason that, under the instruction of the court, the jury were directed that plaintiff could not recover unless a contract, express or implied, was established by the evidence.

V. It is not necessary to consider the questions raised in the assignment of errors by plaintiff on his appeal, as he is satisfied with the judgment, and states in his argument that a decision thereon is desired only in the event of the reversal of the judgment upon defendant's appeal.

The judgment of the Circuit Court is

AFFIRMED.