## BRADLEY & SHERMAN v. THE COUNTY OF DELAWARE.

1. **Coroner's Inquest:** SERVICES OF PHYSICIAN: ALLOWANCE OF FEE. The making and filing with the county auditor of a fee bill, by a justice of the peace acting as coroner, for the expenses of an inquest held by him, which included an item in favor of a physician, was held to be a sufficient allowance of the physician's claim upon which to found a judgment for the amount against the county.

*Appeal from Delaware Circuit Court.*

FRIDAY, JUNE 18.

THE plaintiffs are physicians and surgeons practicing their profession in partnership. C. C. Bradley, one of said partners, was called by a justice of the peace, who was acting as coroner, to assist in making a *post mortem* examination upon the body of one Stronski. This action was brought to recover the sum

of fifty dollars for said services. There was an answer in general denial, and a trial by the court. Judgment was rendered for the plaintiffs for the amount claimed. Defendant appeals.

*E. M. Carr*, for appellant.

*A. S. Blair*, for appellees.

ROTHROCK, J.—I. The evidence shows that Bradley was called by the justice of the peace to assist in the examination.

1. CORONER'S inquest : services of physician : allowance of fee. No question is made as to the authority of the justice to hold the inquest. No docket entry of the proceedings was made, and no record was made, except the minutes of the testimony of the witnesses, and a fee bill. The fee bill sets forth the items of fees for the coroner, constable, witnesses, and jurors, and also an item as follows: "Dr. C. C. Bradley, fifty dollars." A certificate is attached to the fee bill in these words: "I do hereby certify that the above is a true fee bill, in the above entitled case, as appears from my docket, and that no part thereof has been paid.                                "CHAS. HUSTED,
"*Justice of the peace and acting coroner.*"

The justice of the peace was a witness, and was asked the question whether the paper produced and certified to as above was the fee bill. Objection was made to the question for the reason that the paper purports to be a copy, and oral evidence is not allowable to change or contradict it. The objection was overruled, and the witness answered that the paper was the fee bill, and that it was made a day or two after the inquest was held. We can see no possible objection to the evidence. It was not contradictory of any record or writing. The witness simply stated in effect that no other fee bill was made, aside from the one then presented. It was but in effect a repetition of what had already been proved, that is, that no docket entry or record was made.

II. The only other question certified to us by the trial judge is whether the fee bill as explained by the evidence was a sufficient allowance, by the acting coroner, against the defendant, upon which to found a judgment. We think, although it was informal, that it was sufficient. It was filed in the auditor's office, and the item in dispute was submitted to the board of supervisors, and twenty-five dollars was allowed thereon, which plaintiffs refused to accept. The justice testified that he called upon Dr. Bradley to assist at the examination. The justice of the peace, and acting coroner, had the power and authority to fix the compensation. *Cushman v. Washington County*, 45 Iowa, 255; *Sanford v. Lee County*, 49 Id., 148.

AFFIRMED.