Fechheimer *et al. v.* Washington *et al.*

FECHHEIMER ET AL. *v.* WASHINGTON ET AL.

JUDGMENT.—*Jurisdiction.—Common Pleas Court.—Default.—Statute Construed.—Action to Quiet Title.*—Under the provisions of sections 9 and 10 of the act of 1852, establishing the court of common pleas, that court had no jurisdiction of a cause in which the judge thereof was interested as counsel. Its judgment, rendered in such a cause against a defendant on default, was void; a purchaser of land on execution sale to satisfy the judgment took no title, and the owner of the land can maintain suit against him to quiet his title.

REPEAL BY IMPLICATION.—The act adopting the common law when not inconsistent with the laws of this State (R. S. 1881, sec. 236), though later than that establishing the court of common pleas, does not repeal it by implication, there being no conflict between the two statutes.

From the Huntington Circuit Court.

*E. A. Davis, W. H. Hessin* and *B. F. Davis,* for appellants.

*B. F. Ibach,* for appellees.

NEWCOMB, C.—The appellee Hester Washington, and her husband, filed their complaint of three paragraphs, in the Huntington Circuit Court, against Marcus and Leopold Fechheimer, and Aden J. Wiles, sheriff of said county. The first paragraph, which is the only one necessary to notice, alleged that said Hester was the owner, by deed from Peter Zahn, of a certain lot in the city of Huntington ; that the defendants Fechheimer claimed to have recovered judgment against said Peter for $——, in the Huntington Court of Common Pleas, on February 11th, 1868 ; that on August 19th, 1875, said Peter Zahn conveyed said lot to the plaintiff Hester, by a warranty deed ; that execution was issued on said judgment August 3d, 1877, and the same was levied upon said lot, and at a sale thereof under said execution, the judgment plaintiff Marcus Fechheimer became the purchaser, and had received a sheriff's deed for said lot. This paragraph further alleged that said judgment against Peter Zahn was rendered by default, and that the attorney of the

plaintiff was judge of the court of common pleas when said judgment was rendered, and acted in said cause as both attorney and judge. Wherefore the plaintiffs say that said judgment was void, and never became a lien on said lot, and that the sale thereof on said execution conferred no title on the purchaser, but that said sheriff's deed was a cloud upon the title of said Hester. Prayer, that said judgment be declared void, the sheriff's sale set aside, and that said judgment plaintiff be restrained forever from asserting any right, title, or lien on said real estate by virtue of said judgment or said sheriff's sale.

Demurrers to the several paragraphs of complaint were overruled, and answers being filed, the cause was submitted to the court for trial. There was a finding for the plaintiffs, and, over a motion by the defendants for a new trial, judgment was rendered quieting the title of Hester Washington to the lot in controversy, and that the said judgment against Peter Zahn, and the sheriff's sale thereunder, were void.

The record shows that the judge of the Huntington Common Pleas Court failed to attend at the February term, 1868, whereupon the clerk, sheriff and auditor of said county, under the authority given by sec. 2 of the act of March 7th, 1857, appointed a special judge to hold said court. The judge so appointed was the attorney of record for the plaintiffs in said action of Fechheimer and Fechheimer against Peter Zahn, and the record entry of the judgment in said cause shows that it was rendered by said special judge, and that the plaintiffs appeared by their said attorney, and caused a default to be entered against the defendant, Zahn, and on said default submitted the cause to the court for trial.

In addition to the evidence furnished by the identity of the names, it was established by oral evidence on the trial of the cause before us, that the plaintiff's attorney and the judge who rendered the judgment against Peter Zahn were one and the same person. Counsel for the appellees insist

that the rendition of a judgment by the judge *pro tem.* in favor of his clients was an irregularity only ; that the judgment was not void either at common law or by statute, and must be held valid until reversed or vacated in a direct proceeding for that purpose.    Their statement of the common-law doctrine seems to be correct.    Freeman on Judgments, sec. 145, and cases there cited.    Whether the judgment was void under thě statute, depends upon the construction to be given to sections 9 and 10 of the act of May 14th, 1852, establishing courts of common pleas.    Those sections are as follows :

"Sec. 9.  If in any case cognizable in the court of common pleas, the judge thereof may be or shall have been interested, either as counsel, executor, administrator, guardian, heir, devisee, legatee or otherwise, such case, and all matters relating thereto, shall be instituted, prosecuted and determined before the circuit court of the same county ; and such court shall have jurisdiction thereof, and shall be governed in all matters and things touching the same, by the provisions of law which govern the court of common pleas in similar cases.

"Sec. 10.  If during the pendency of any such trial or matter the judge of common pleas shall become disqualified to hear and determine the same, for any of the causes specified in the last preceding section, such suit or matter shall be transferred to the circuit court of such county, with the like effect às if the same had been instituted in such circuit court according to the provisions of the preceding section."

The jurisdiction of the court of common pleas was purely statutory, and it seems a self-evident proposition that it had no jurisdiction when the judge was or had been interested in either of the particulars mentioned in section 9.    Jurisdiction over the subject-matter of the action was denied to it in such cases, and the jurisdiction was confided to another court.  "Shall be instituted, prosecuted and determined be-

Fechheimer *et al. v.* Washington *et al.*

fore the circuit court of the same county," is the imperative language of the statute. So, by section 10, if the disability of the judge should occur during the pendency of a suit or matter, the provision was equally explicit, that such cause or matter should be transferred to the circuit court. The statute prohibited any step to be taken by the disqualified judge, except to order the transfer of the cause. It follows that a default and judgment rendered under the circumstances named in the complaint, and proved upon the trial, were nullities.

The appellants insist that the defendant should have applied for a change of venue; and, not having done so, he waived the question of jurisdiction. This was unnecessary. It was the duty of the disqualified judge to let the cause stand until a qualified judge should be present, or to transfer it to the circuit court without an application by the defendant for a change of venue. The latter was not bound to appear before such interested judge for any purpose. He had a right to presume that the statute would be obeyed, and was, therefore, not chargeable with laches in failing to appear to the action, and was not liable to a default.

The appellants make the further point, that, by the act of May 31st, 1852, 1 R. S. 1876, p. 605, the common law of England was adopted as the law of this State, and, as this was the last expression of the legislative will, sections 9 and 10 of the common pleas act must be deemed to be modified and conformed to the common law. Unfortunately for this argument, the act of May 31st, 1852, did not adopt the common law in any case where it was inconsistent with the statutes of this State.

It is further objected by the appellants, that the plaintiffs were not entitled to prosecute an action to annul the judgment against Peter Zahn; that his deed did not transfer to his grantee any right of action that he might have had in that particular, and therefore the plaintiffs had no standing.

Fechheimer *et al. v.* Washington *et al.*

in court. There was no controversy as to the title of Hester Washington, unless the sheriff's deed gave a better title to Marcus Fechheimer. Whether he acquired title under said sale, depended on the fact whether a valid lien existed on the property in controversy, at the time of such sale, by virtue of the judgment against Peter Zahn. We think the plaintiffs were entitled to maintain the action, under the provisions of section 611 of the code, for the purpose of quieting the title of said Hester. It was enough for the court to find and adjudge that the judgment in question was not a lien on said real estate, and that question the plaintiffs had the right to present for decision, as it directly affected the titles of the litigating parties. The general finding and adjudication, that the judgment was void, affected only the parties to the suit and the property in controversy. Peter Zahn can not claim any immunity from the judgment in favor of the appellants, as he was not a party to the suit; and if any future litigation should arise between him and the Fechheimers, touching the validity of said judgment against him, the judgment of the circuit court in favor of Hester Washington could have no weight or place in the controversy.

The circuit court committed no error, and its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at the costs of the appellants.