STONE *et al.* v. MARION COUNTY.

1. **Judge**: RELATIONSHIP: DISQUALIFICATION: WAIVER. A judge who is related to a party to a cause within the fourth degree has no right to try the cause unless by mutual consent. (Code, sec. 190; *Chase v. Weston*, 75 Iowa, 159.) But where the judge was so related to the plaintiff, and the defendant knew of the relationship, and that the judge did not wish to try the case, and had tried in vain to get another judge to sit during the trial, and yet consented to the trial of the case at that term, and made no objection to the judge until after a verdict had been rendered against it, *held* that it must be regarded as having consented to a trial before that judge, and that its objection was too late.

2. **Criminal Law**: ASSISTANCE TO COUNTY ATTORNEY: COMPENSATION: RECOVERY: REMEDY. Where an attorney renders assistance to a county attorney under section 4, chapter 73, Laws of 1886, providing that the county attorney may procure such assistance, with the approval of the district court, in the trial of indictments for felonies, and that such attorney shall be allowed reasonable compensation for such assistance, "to be fixed by the board of supervisors," the amount fixed by the board is not conclusive upon the attorney, nor is his only remedy by appeal from the board; but if the allowance is not reasonable he may recover what is reasonable in an action therefor against the county. (See opinion for citations.) [ GRANGER, J., *dissenting.*]

3. ————: ————: ————: CONTRACT AND REASONABLE VALUE: INSTRUCTIONS. Action to recover the reasonable value of services rendered by plaintiffs as attorneys in assisting the county attorney in the prosecution of a felony. The evidence showed that the services were begun under a contract for sixty dollars or seventy-five dollars, with the understanding that the trial would not last more than three or four days, and that the burden of the prosecution would not fall on plaintiffs; but that the burden did fall on plaintiffs, and that the trial consumed fifteen days; also that plaintiffs' services were worth twenty dollars per day. There was also evidence tending to show that the contract was rescinded after the trial was begun and the amount of work was disclosed. The court instructed the jury that if plaintiffs performed services in excess of what was required by the contract, or of a character not required by it, they were entitled to recover the reasonable value of such extra services. *Held* that these instructions were without prejudice to defendant, notwithstanding they permitted plaintiffs to recover the agreed

price of the services rendered under the agreement, and the reasonable value of all other services, while the action was not brought on the contract, but for the reasonable value of all the services; because it was shown that the services rendered under the agreement were worth at least as much as the contract price, and the amount of the recovery could not have been augmented by the instructions.

*Appeal from Marion District Court.*—Hon. O. B. Ayres, Judge.

Filed, May 31, 1889.

Action to recover the value of services rendered on the trial of a person charged with the crime of murder in the first degree. There was a trial by jury, and a verdict and judgment for plaintiffs. The defendant appeals.

*Geo. W. Crozier*, for appellant.

*Jas. D. Gamble*, for appellees.

Robinson, J.—The evidence shows that William M. Stone was employed by the county attorney of defendant, with the approval of the district court, to aid in the prosecution of a person who had been indicted, and was tried, for the crime of murder in the first degree; that said Stone rendered fifteen days' services in the case, of the reasonable value of not less than twenty dollars per day; that he presented a bill for the services so rendered in the sum of three hundred dollars to the board of supervisors of defendant, and demanded payment thereof; that said board allowed as full payment of the bill the sum of sixty dollars. The verdict and judgment were for the sum of two hundred and twenty-five dollars, besides interest and costs.

I. The judge who held the court at which this cause was tried was related to the plaintiff Stone within the fourth degree. The appellant insists that for that reason the district court had no jurisdiction to try the case or render

judgment. That is undoubtedly the case, unless the disability of the judge was removed by mutual consent of the parties. Code, sec. 190; *Chase v. Weston*, 75 Iowa, 159. The record tends to show that defendant entered its appearance in this cause voluntarily, and under an agreement with the then plaintiff Stone that he would not take a change of venue from the county, and that the case should be tried at the term at which the appearance of defendant was entered; that at that time it was known that Judge AYRES was holding the terms, and it was also known to defendant that he was related to plaintiff within the prohibited degree; that Judge AYRES repeatedly announced from the bench that he did not wish to try the case; that he endeavored to secure the services of another judge to preside during the trial of the cause, but was unable to do so; that all these facts were known to defendant; that when the cause was called for trial the attorney for defendant, upon being asked by the court if he was ready for trial, responded that he was in the hands of the court; that no objection was made by defendant to the presiding judge until after the verdict had been rendered; that objection was then made to the rendition of judgment on the verdict on the ground of the relationship of the judge to the plaintiff. The attorney for defendant shows that although the agreement to enter an appearance for defendant and try the case was made, as alleged, yet he did not expect the case to be tried before Judge AYRES until a ruling on a certain motion was made. That was two days before the case was called for trial. We are of the opinion that, under the facts stated, the trial before the judge named was had by mutual consent of parties. It was known to the parties that he was presiding at the term at which they agreed the case should be tried, and no objection was made to a trial before him. If the agreement was made by defendant under a misapprehension as to what judge would preside at the trial, it was its duty to make known the fact that the consent given was not intended to include a trial at which the judge named should preside.

It is clear to us from the record that both the court and the plaintiff understood that the disability of the judge had been waived by mutual consent; that defendant had given ample cause for such an understanding, and was chargeable with knowledge of it. Evidently it would be not only unjust, but contrary to the spirit of the statute, to allow defendant to remain silent under such circumstances, until it ascertained that the trial had not resulted as it desired, and then to permit it to interpose the objection now urged.

II. It is claimed by appellant that the action of the board of supervisors in allowing sixty dollars as full compensation for the services rendered by Stone is final, no appeal therefrom having been taken. The services in question were secured and rendered by virtue of section 4, chapter 73, of the Acts of the Twenty-first General Assembly, which provides as follows: "With the approval of the district court he [county attorney] may procure such assistance in the trial of a person charged with the crime of felony as he shall deem necessary, and such assistant, upon presenting to the board of supervisors a certificate of the district judge before whom said cause was tried, certifying to the service rendered, shall be allowed a reasonable compensation therefor, to be fixed by the board of supervisors." The appellant cites the cases of *Cushman v. Washington County*, 45 Iowa, 256; and *Sanford v. Lee County*, 49 Iowa, 148, in support of its claim. Those cases were decided under section 368 of the Code, before it was amended by chapter 64 of the Acts of the Twentieth General Assembly. They held that the statute under which they arose made the coroner, or the justice acting as coroner, the officer or tribunal exclusively charged with the duty of fixing the compensation of experts summoned to make a scientific examination in aid of an inquisition; that no appeal from such fixing of compensation was allowed, and that it was not the duty of the one entitled to the compensation to demand its payment of the board of supervisors before bringing suit therefor.

*2. Criminal law: assistance to county attorney: compensation: recovery: remedy.*

The language construed in those cases was similar to that now under consideration, excepting that it referred to the duties of a coroner. Section 368, as now amended, provides that the compensation of experts in the cases contemplated shall be allowed by the board of supervisors instead of the coroner. The rule of the cases cited does not apply to claims which are required to be presented to the board of supervisors for its action. Section 2610 of the Code has been construed to permit an action against a county on a claim upon which it was the duty of the board of supervisors to act; that the action or refusal to act of the board was not final, and that the remedy by appeal is not exclusive when it exists. *Curtis v. Cass County,* 49 Iowa, 421; *Armstrong v. Tama County,* 34 Iowa, 309, and cases therein cited. The statute under consideration requires the board of supervisors to fix a reasonable compensation for the services rendered. If the amount it fixed was unreasonable, plaintiff was under no obligation to accept it, but had a right to resort to the courts for a determination of the amount to which he was entitled.

III. It is contended on the part of appellant that the services in controversy were rendered under an

3. ——: ——: ——: contract and reasonable value: instructions.

agreement made by Stone with the county attorney of defendant, by virtue of which the former was to receive, as compensation in full for all services to be rendered in the case in which he was employed, sixty dollars, without regard to the result of the trial, and seventy-five dollars in case the defendant was convicted. It is admitted by appellees that an agreement was made substantially as claimed, and that the defendant was not convicted ; but they claim that it was made on the statement of defendant's attorney that the trial would require but three or four days' time ; that Stone was not required by it to assume the burden of the work and management on the part of the state, and that the agreement was rescinded after the trial was commenced, and the nature and amount of work required of Stone was more fully disclosed. The evidence tends to sustain these claims of

appellees. It is shown beyond controversy that Stone was employed in the trial fifteen days ; that during each day of that time he was occupied with the business of the trial from early in the morning until late at night; that the burden of the prosecution fell upon him ; and that his services were worth more than the amount he claims. The court charged the jury in substance that if the plaintiff Stone agreed to work a limited number of days for a compensation of sixty dollars or seventy-five dollars in assisting the county attorney, and if he performed services in excess of what he was required to do by the agreement, or of a character not required by it, or worked longer than it required, he would be entitled to recover for such extra service or time the amount which it was reasonably worth. Several paragraphs of the charge referred to what was called this additional service or labor. Appellant complains of such paragraphs on the ground that plaintiff did not seek to recover for additional services, and that he was entitled to receive either three hundred dollars or sixty dollars,—either the value of the services rendered as a whole, or the amount fixed by the agreement admitted to have been made.

It is true that plaintiffs do not seek to recover on the agreement, and that they do seek to recover the value of all the services rendered ; but that the services rendered during the time fixed by the agreement, and by virtue of it, were worth at least as much as the agreed price, is not controverted by evidence, and is fully proven. The defendant could not have been prejudiced, therefore, by the fact that the court limited plaintiffs' recovery to the agreed price of the services contemplated by the agreement, and to the reasonable value of all other services.

We conclude that the district court committed no error of which the appellant can justly complain. Its judgment is therefore　　　　　　　　　AFFIRMED.

GRANGER, J. ( *dissenting* ).—While entirely satisfied that no more than a reasonable compensation has

been paid the plaintiff, I cannot concur in the construction of the law under which the service was rendered. I think the design of the legislature was that such compensation should be fixed by the board of supervisors, and by it only. Eliminate from the act the words "to be fixed by the board of supervisors," and you have the law exactly as now held by the majority opinion. Are such words as these without significance? If not, what is their meaning? We must presume they were placed there for a purpose. By section 368 of the Code, prior to 1884, in cases of inquisitions, the coroner could summon one or more physicians or surgeons to make scientific examinations, and the section provided that he should "allow in such cases a reasonable compensation instead of witness fees." This court construed that language to mean that the coroner "is the officer or tribunal exclusively charged with the duty of fixing the compensation in question." See *Cushman v. Washington County*, 45 Iowa, 255. The language of section 368 is less conclusive as to exclusive authority than the law under consideration. The two holdings do not appear to be consistent. The cases of *Curtis v. Cass County* and *Armstrong v. Tama County*, cited in the majority opinion, are controlled by statutes different in language and meaning.