The DuQuoin Water-Works Company *et al.*

*v.*

Sample G. Parks.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. Appeals and errors—*when alleged error in refusing a continuance cannot be considered.* Alleged error in denying a continuance in a chancery case upon motion, supported by affidavit, cannot be considered on appeal or error, where the affidavit is not contained in the certificate of evidence.

2. Same—*effect where certificate of judge is attached to record.* The certificate of the judge, attached to the record, that the record contains all the evidence, does not make a part of such record an affidavit for continuance copied therein by the clerk.

3. Same—*when objection to disqualification of judge is waived.* One who obtains a change of venue but afterwards goes to trial before the same judge without objecting that the judge is disqualified, waives the right to assign the point as error.

4. Abstract of record—*index to abstract is necessary requirement.* The preparation of an index to the abstract of record, as required by rule 14 of the Supreme Court, is a matter of importance, which appellant must not neglect.

Writ of Error to the Circuit Court of Perry county; the Hon. William Hartzell, Judge, presiding.

Franklin A. McConaughy, (Edward S. Robert, and John H. Overall, of counsel,) for plaintiffs in error.

George W. Wall, and B. W. Pope, for defendant in error.

Mr. Justice Ricks delivered the opinion of the court:

This case comes to this court on a writ of error to review the record made in the circuit court of Perry county, wherein a decree was entered granting an injunction pursuant to the prayer of a bill filed by Sample G. Parks against the plaintiffs in error, praying for an injunction and that a certain ordinance be held to be void.

The bill was filed by Sample G. Parks, a tax-payer, etc., on the 8th day of July, 1899, and was brought to the November term, 1899, of the circuit court of said county, making the city of DuQuoin, Henry A. Keith, James H. Tompson and the DuQuoin Water-works Company parties defendant. The bill was afterwards amended, making the other plaintiffs in error, Breckenridge Jones, the Mississippi Valley Trust Company and the unknown holders of bonds and coupons of the DuQuoin Water-works Company, parties defendant. The purpose of the bill was to set aside and declare void an ordinance of the city of DuQuoin and enjoin the collection of bonds issued thereunder, on the ground that it imposed upon the city an indebtedness in the sum of over $113,000 when the city was already indebted in excess of five per cent of the assessed valuation of its taxable property. The bill alleged that the value of the taxable property within the limits of the city, as fixed by the last assessment previous to the passage of the ordinance, was $248,264, and that it was unlawful for the city to incur any indebtedness in excess of five per cent of said amount, to-wit, $12,413.20, and that the existing indebtedness of the city at the time of the passage of the ordinance was more than five per cent; that the sum fixed in the said ordinance was greatly in excess of a fair price for the work to be done, which would be more than $35,000. An amendment to the bill, filed by leave of court on November 6, 1899, alleged that there had been no compliance with paragraph 267a of chapter 24 of Hurd's Statutes of 1898, which provides that in case of the purchase or leasing of water-works the question must be first submitted to a vote of the people. The bill prayed for appropriate relief.

At the November term, 1899, the defendants filed their demurrer to the bill. Later, and while the demurrer was pending, a petition for a change of venue from presiding

Judge Hartzell was presented on behalf of defendants, which petition the judge granted and entered an order changing the venue to some other judge of the circuit. At the May term, 1900, Judge Burroughs presiding, the demurrer was partially argued, leave was given to file written arguments and the matter was taken under advisement. At the November term, 1900, an order was entered overruling the demurrer, with leave to answer by January 1, 1901. The defendants answered within the time fixed, admitting the passage of the ordinance; alleged that it was valid; denied that it involved any indebtedness prohibited by the constitution, and alleged an amendatory ordinance, etc. At the May term following, the amended bill was filed making the new parties defendant, and on November 14 a general answer was filed by all the defendants, except the city, to the bill as amended. The plaintiff withdrew his exceptions and filed a general replication. On November 19 the defendants, except the city, moved for a continuance. The motion was denied and the cause heard on the following day, November 20. After hearing the proofs and arguments the court took the case under advisement, and on December 21, 1901, the decree was rendered granting the relief prayed. A petition for a rehearing was filed by defendants, setting forth their reasons in writing, and said petition was denied by the court.

Numerous errors, fourteen in number, are assigned of record, but only two of the errors assigned are argued by counsel for plaintiffs in error, one being as to the refusal of the court to grant the continuance upon motion and affidavit filed in support of the said motion, and the other error argued being that the court, after granting the change of venue, proceeded to hear the cause and entered its decree. The other errors, not being argued, are therefore considered abandoned.

As to the first of the errors above mentioned, being as to the refusal of the court to grant a continuance up-

on the motion and affidavit in support thereof, it cannot be considered by us, for the reason that the affidavit is not made a part of the record by a certificate of evidence, and it is not, therefore, before us for consideration. The plaintiffs in error, in order to obtain the benefit of the affidavit in this court, should have made the same a part of the record by the certificate of the judge who heard the cause in the circuit court. This was not done. The affidavit supporting the motion for a continuance is copied by the clerk in the record proper but is not included in the certificate of evidence signed by the judge, and is not, therefore, properly part of the record. The certificate of the judge attached to the record, that it contained all the evidence, is not sufficient to make the affidavit for a continuance a part of the record simply because such affidavit was copied into the record by the clerk. *Heacock* v. *Hosmer*, 109 Ill. 245; *Lange* v *Heyer*, 195 id. 420.

As to the other error relied upon by plaintiffs in error, namely, the fact that the court, after granting a change of venue, proceeded to hear the cause and entered his decree therein, it may be said the plaintiffs in error, when the cause was finally tried, did not urge the disqualification of the trial judge because of the change of venue that had previously been granted, and, as frequently held, if a party seeks or obtains a change of venue from one of the judges of the court and afterwards goes to trial before the same judge without objecting that the judge is disqualified, he waives the point and cannot urge it as a ground of reversal on appeal or writ of error. *Johnson* v. *VonKettler*, 66 Ill. 63; *Flagg* v. *Roberts*, 67 id. 485; *Noyes* v. *Kern*, 94 id. 521; *Sampson* v. *People*, 188 id. 592; 11 Ency. of Pl. & Pr. 782.

There is no index to the abstract, as required under rule 14 of this court, which requires the abstract to contain a complete index, alphabetically arranged, giving the page where each paper or exhibit may be found, etc. This is a matter of importance to this court, especially

where the abstract is of any size, as in this case, and should not be overlooked.

After full consideration of this case we find no error which would justify us in reversing the decree of the circuit court, and that decree is accordingly affirmed.

*Decree affirmed.*