## CARR ET AL v. DUHME ET AL.

[No. 20,698.   Filed June 26, 1906.]

1. APPEAL AND ERROR.—*Parties.—Jurisdiction.—Suggestion of Want of.*—Where the parties to the action below are not made parties on appeal, the Supreme Court has no jurisdiction; and the suggestion of a want of jurisdiction requires a consideration of such question.   p. 78.

2. APPEAL AND ERROR.—*Final Judgment.*—*Remanding Case to Board.*—An order of the circuit court sustaining a motion to remand a case back to the board of commissioners because the cause had been decided by two only of such commissioners, one of whom was a party thereto, is final, and an appeal lies therefrom. p. 79.

3. DRAINS.—*Petition.*—*Notices.*—*Jurisdiction.*—The filing of a petition and the giving of notice as prescribed by §§5655, 5656 Burns 1901, §4285 R. S. 1881, and Acts 1893, p. 329, invests the board of commissioners with jurisdiction in a drainage proceeding. p. 79.

4. CONSTITUTIONAL LAW.—*Courts.*—*Judges.*—*Parties.*—No judge can decide his own case; and a statute giving him such right is unconstitutional. p. 79.

5. COURTS.—*Judges.*—*Interest in Pending Case.*—*Common Law.*—At the common law the disqualification of a judge because of interest in the litigation did not affect his jurisdiction; but a refusal, upon motion, to vacate the bench was reversible error. p. 80.

6. SAME.—*Judges.—Interest in Pending Case.*—*Judgment.*—*Validity.*—Where, by statute, a judge interested in a pending case is disqualified from sitting, his judgment is void. p. 81.

7. SAME. — *Boards of Commissioners.* — *Interested Member.* — *Judgment.*—A judgment rendered by a board of commissioners, one of whom is an interested party, is voidable and not void, there being no statutory disqualification in such case. p. 82.

8. SAME. — *Boards of Commissioners.* — *Interested Member.*—*Waiver.*—*Estoppel.*—Parties to a cause before the board of commissioners, a member of which is an interested party, may, by permitting such cause to proceed to judgment without objection, waive such disqualification, there being no statutory disqualification in such case. p. 82.

From White Circuit Court; *T. F. Palmer,* Judge.

Drainage proceedings by John P. Carr and others, against which Ophelia F. Duhme and others remonstrate. From a judgment sustaining remonstrants' motion to remand the cause to the board of commissioners, petitioners appeal. *Reversed.*

*George B. Sellers* and *Fraser & Isham,* for appellants.
*Reynolds, Sills & Reynolds* and *Benjamin F. Carr,* for appellees.

MONTGOMERY, J.—This proceeding was commenced before the Board of Commissioners of the County of White upon a petition by appellants for the construction of a ditch. In the absence of one of the members of the board the remaining members, Joseph Taylor and George T. Inskeep, appointed viewers, who viewed the proposed ditch, made and filed their report finding the same to be of public utility, and assessed benefits for its construction. Notice of the pendency of said petition and report, and of the time fixed for the hearing of the same, was given as required by law. This report disclosed that lands of said Joseph Taylor would be benefited by, and should be assessed for, the construction of the proposed drain. Taylor thereupon filed a remonstrance against the proposed ditch, and remonstrances were also filed by the appellees and others. Reviewers were appointed by the board, who subsequently made their report, to which certain objections were made by appellees. These objections were heard and overruled, and final judgment entered establishing the ditch and ordering its construction, from which an appeal to the circuit court was taken by appellees. In the circuit court appellees objected to the jurisdiction of the court, and moved that the cause be certified back to the board, with instructions to set aside the appointment of viewers and all subsequent proceedings, for the reason that said Taylor participated as a commissioner in said proceedings, when because of interest in the subject-matter he was disqualified from so acting. This motion was sustained, to which ruling appellants excepted. The decision of the court refusing to assume jurisdiction and ordering the proceedings and papers certified back to the office of the auditor is assigned as error.

Appellees have filed a motion to dismiss this appeal because there was no final judgment rendered, and because George R. Hayes has not been made a party to the

1.   assignment of errors. The presence of all necessary parties is essential to jurisdiction, and the sugges-

tion of an apparent defect of parties requires consideration. It does not appear, however, that George R. Hayes was a party in the court below to the proceeding and judgment from which this appeal is prosecuted. The action of the court below disposed of the case, so far as that court had power to dispose of it, and was a final judgment, from which an appeal is authorized. *Starkey* v. *Starkey* (1906), 166 Ind. 140. Appellees' motion to dismiss is overruled.

The board of commissioners by virtue of §§5655, 5656 Burns 1901, §4285 R. S. 1881 and Acts 1893, p. 329, had unquestioned jurisdiction of the subject-matter, and acquired jurisdiction of the parties by giving the notice therein required. The alleged want of jurisdiction in the court below is predicated upon the palpable disqualification of Mr. Taylor to act as a commissioner in this proceeding, and rests upon the assumption that his participation rendered the action of the board entirely void. If the participation of an interested member of the board so affects its jurisdiction as to make its judgment void, then the invalidity cannot be cured even by consent of the parties; but if such improper action is a mere irregularity or error rendering such proceeding voidable only, then the disqualification and consequent error may be waived by failure to make seasonable objection to the same. The holdings of the courts of this country are not in entire harmony upon this question. The apparent conflict has arisen in part from the absence of express legislative provisions, as well as from the varying statutes of the several states upon the subject of the disqualification of judges and judicial tribunals. It is an ancient maxim of the law, that no man should be a judge in his own cause, and this principle still prevails wherever judicial tribunals are maintained. *Winters* v. *Coons* (1904), 162 Ind. 26. It is of such potent force that, under our constitutions and enlightened sense of jus-

tice, a legislative act which should undertake to make a man arbiter of his own case would be held void. Cooley, Const. Lim. (5th ed.), *407-*410.

At common law the disqualification of a judge because of interest in the subject-matter brought before him did not affect his jurisdiction, and his acting in the cause

5. was regarded as a mere irregularity or error, on account of which a timely recusation would afford ground for the reversal of his judgment upon appeal or writ of error. 1 Freeman, Judgments (4th ed.), §145; *Dimes* v. *Grand Junction Canal Co.* (1852), 16 Eng. L. & Eq. 63; *Trawick* v. *Trawick* (1880), 67 Ala. 271; *McMillan* v. *Nichols* (1878), 62 Ga. 36, 38; *Succession of Rhea* (1879), 31 La. Ann. 323; *Gorrill* v. *Whittier* (1825), 3 N. H. 265; *Ten Eick* v. *Simpson* (1844), 11 Paige 177; *Chambers* v. *Hodges* (1859), 23 Tex. 104.

In support of their contention that the proceedings in question were absolutely void, appellees' counsel cite cases from Michigan and California. Section 7245 Howell's Statutes of Michigan provides: "No judge of any court shall sit as such in any cause in which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." The supreme court of that state said upon this subject: "This statute, mandatory in its terms, voices the universal sentiment of mankind excluding judges from sitting in cases where they are parties or are interested. * * * The authorities are numerous, and nearly uniform, which hold that a judgment or decree rendered by a judge contrary to a statute like ours is void, and may be attacked collaterally." *Horton* v. *Howard* (1890), 79 Mich. 642, 44 N. W. 1112, 19 Am. St. 198.

The decisions of the California supreme court rest upon a statute which reads as follows: "No justice, judge, or justice of the peace shall sit or act as such in any action

or proceeding: 1. To which he is a party or in which he is interested." §170 Code Civ. Proc.

Mr. Freeman in his authoritative work on judgments has collected many cases, from which he announces the following conclusion: "But the general effect of the statutory prohibitions in the several states is undoubtedly to change the rule of the common law so far as to render those acts of a judge, involving the exercise of judicial discretion, in a case wherein he is disqualified from acting, not voidable merely, but void." 1 Freeman, Judgments (4th ed.), §146.

In the absence of prohibitory legislation the question of the interest or bias of a judge is regarded as a private matter and of concern only to the parties to the 6. action. But when constitutional or statutory provisions forbid a judge from acting officially, his action is regarded as transgressing the public policy of the state. Such prohibitions are plainly intended not for the protection of the parties to a suit merely, but for the general interests of justice, by preserving the purity and impartiality of the courts, and the respect and confidence of the people for their decisions. No judgment is worthy to become a precedent which is tainted with a suspicion of unfairness, and the state is deeply interested in maintaining, so far as possible, an elevated place for its judiciary in the estimation of mankind. A party may induce a judge whom he knows to be interested in the result or related to his adversary to try his cause, and yet when judgment is pronounced against him murmur and complain. It is most appropriate and salutary that the legislature should, by the enactment of suitable statutes, prohibit the wearers of the judicial ermine from serving in any case wherein their judgment might be biased by interest or kinship. In jurisdictions where such statutes exist, a violation of their provisions, when manifest from the record, renders the proceedings void. *Fechheimer* v. *Washington* (1881), 77 Ind. 366; *Chambers* v. *Hodges, supra; Horton* v. *Howard,*

*supra; People, ex rel., v. De la Guerra* (1864), 24 Cal. 73; *Hall* v. *Thayer* (1870), 105 Mass. 219, 7 Am. Rep. 513.

There is no statute in this State relating to the disqualification of commissioners and prohibiting them from serving in matters in which they are interested, hence 7. their action is governed by common-law principles.

A proper sense of propriety should in all cases prevent a member from acting in any proceeding to which he is a party, but if, disregarding such disqualification in a matter over which the board has jurisdiction of the subject and the parties, he does participate in rendering a judgment from which an appeal is allowed, his act and the action of the board will not be void, but only voidable. *Board, etc., v. Justice* (1892), 133 Ind. 89, 36 Am. St. 528; *Rogers* v. *Felker* (1886), 77 Ga. 46; *Wilson* v. *Smith* (1897), (Ky.), 38 S. W. 870; *State, ex rel., v. Ross* (1893), 118 Mo. 23, 23 S. W. 196; *Fowler* v. *Brooks* (1887), 64 N. H. 423, 13 Atl. 417, 10 Am. St. 425.

In cases where the disqualification of the judge renders the proceeding voidable merely and not void, it may be waived by consent of parties. The disqualification 8. of Taylor as a commissioner in this proceeding was disclosed by the record and known to the parties. It was appellees' duty, if they desired to object to his acting because of interest, to make such objection at the earliest opportunity, and thereby prevent the accumulation of needless costs and the attainment of a fruitless result. If a party, knowing of a valid objection to a proceeding, neglects to avail himself of it, and stands by or participates therein until a result is reached adverse to his interests, it is but justice that he should bear the consequences which his own folly has suffered to occur. Appellees made no objection, but knowingly acquiesced in the appointment of viewers and in Taylor's subsequent participation in the proceedings and final judgment. The board should have been given an opportunity to correct its own errors while

the matter was before it. Appellees' silent acquiescence in the action of the board, as shown by the record, was a waiver of the disqualification of Taylor, complained of for the first time on appeal. *Moses* v. *Julian* (1863), 45 N. H. 52, 84 Am. Dec. 114; *Shope* v. *State* (1898), 106 Ga. 226, 32 S. E. 140; *Thomas* v. *Jones* (1879), 64 Ga. 139; *Stone* v. *Marion County* (1889), 78 Iowa 14, 42 N. W. 570; *Pettigrew* v. *Washington County* (1884), 43 Ark. 33; *Ex parte Hilton* (1902), 64 S. C. 201, 41 S. E. 978, 92 Am. St. 800; *Stearns* v. *Wright* (1872), 51 N. H. 600, 610; *Smith* v. *Amiss* (1903), 30 Ind. App. 530; *Du Quoin Water-Works Co.* v. *Parks* (1904), 207 Ill. 46, 69 N. E. 587; *Case* v. *Hoffman* (1898), 100 Wis. 314, 356, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945, 44 L. R. A. 728.

It follows that the court erred in sustaining appellees' motion and in remanding the cause to the board of commissioners without a trial. The judgment is reversed, with directions to overrule appellees' motion to remand, and for further proceedings in accordance with this opinion.