[L. A. No. 2457. In Bank.—January 11, 1911.]

UNITED REAL ESTATE AND TRUST COMPANY, Appellant, v. T. L. BARNES, as Superintendent of Streets of the City of San Diego, Respondent.

STREET ASSESSMENT — OPENING STREET.— ASSESSMENT DISTRICT — EX-
    CLUSION OF LAND BENEFITED — FAILURE TO OBJECT BEFORE CITY
    COUNCIL.—In an action to enjoin the collection of an assessment
    levied for the opening of a street, under the act of March 6, 1889,

(Stats. 1889, p. 70), an objection that the assessment district did not include all the land benefited by the opening of the street cannot be raised by the plaintiff where no objection as to the extent of the district was made to the city council, either by the plaintiff or any one else, in the manner provided for by the act. In the absence of such objection being· made to the city council, its determination as to the extent of the district is conclusive.

ID.—INTEREST OF COMMISSIONERS—RELATIONSHIP TO OWNER OF PROPERTY TAKEN—ASSESSMENT NOT INVALIDATED.—The fact that two of the three commissioners appointed by the city council to assess the benefits and damages were interested as owners of property lying within the district to be assessed, and that one of them was the father of the owner of land to be taken for the proposed street, does not in itself disqualify the commissioners to act as such or render void the assessment reported by them.

ID.—CONFIRMATION OF REPORT BY CITY COUNCIL—WAIVER OF OBJECTION BY FAILURE TO OBJECT BEFORE COUNCIL.—The act contains no direction that the commissioners shall be disinterested, nor any specification as to their qualifications, and, consequently, in the absence of any showing that 'the assessment upon the plaintiff's land was excessive, or that the damages allowed for the land taken for the street was too high, or that the proceedings were in any particular unfair or unjust as a matter of fact, the confirmation by the city council of the report and assessments made by such commissioners, without any objection having been made thereto by the plaintiff or any one else, in the manner authorized by the act, is conclusive upon the plaintiff.

ID.—CONFIRMATION BY REVISING BODY OF DETERMINATION OF INTERESTED TRIBUNAL.—Where the determination of an interested tribunal is required to be reported to another body for correction and confirmation and opportunity is there afforded after reasonable notice to make objections on account of such interest, a failure to appear and make the objections operates as a waiver and precludes the party from afterwards raising it or claiming that the determination is for that reason void.

ID.—NOTICE OF HEARING BEFORE COUNCIL—DUE PROCESS OF LAW.—The provision of the act, directing the city council to determine objections made to the report of the commissioners and to the assessments, and that a time must be set for the hearing thereof, of which reasonable notice must be given, sufficiently meets the mandate of the constitution in regard to due process of law.

ID.—CONSTRUCTION OF DESCRIPTION IN ASSESSMENT—LAND OUTSIDE OF DISTRICT.—The proper interpretation of the description of the property assessed in this case, taken with reference to the proceedings in which it was made, and the allegation of the pleadings, shows that the assessment did not purport to be made against any land of the plaintiff situated outside of the assessment district.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

James E. Wadham, and Chas. P. Pritchard, for Appellant.

Ward & Wells, for Respondent.

SHAW, J.—This is an action against the defendant, as superintendent of streets in the city of San Diego, to enjoin the collection of a street assessment and to declare such assessment void. The court below sustained a general demurrer to the complaint and gave judgment for the defendant, from which the plaintiff appeals.

The assessment in question was made in a proceeding under the act of March 6, 1889, (Stats. 1889, p. 70), to raise funds for the payment of the costs, damages, and expenses of opening a part of Twenty-eighth Street in the city of San Diego. The plaintiff owns land lying within the boundaries of the district assessed. The assessment upon his land amounted to the sum of ten hundred and eighty dollars.

1. The first objection to the validity of the assessment is that the assessment district does not include all the land benefited by the opening of the street. It is alleged that a certain tract of land is situated on the side of said street opposite to that of plaintiff and that it is as much benefited by the opening thereof as the lands of the plaintiff.

The statute under which these proceedings were had provides that the city council shall pass a resolution of intention describing therein the boundaries of the district of land to be assessed to pay the damages, costs, and expenses; that notice of such resolution shall be posted and published, and that within ten days thereafter any person interested in the extent of the assessment district may make objections thereto, and at the next meeting thereafter the council must fix the time for hearing such objections and notify the person objecting thereof by mail. At the hearing thus provided the council must "hear the objections urged, and pass upon the same and its decision shall be final and conclusive." (Secs. 2, 3, 4, and 5.) These proceedings were had in all respects as required by law. No

objections were made by the plaintiff, or by any other person, and after the time for the objections had expired the council ordered that the street be opened and appointed commissioners to assess the benefits and damages. The decision thus made by the council is conclusive upon the plaintiff. The case cannot be distinguished in this particular from *Duncan* v. *Ramish,* 142 Cal. 691, [76 Pac. 663], and the numerous cases there cited. In that case the court said with respect to a similar objection: "It is enough for the local property-owner that he has a right to be heard before the city council upon the question, by filing a petition of remonstrance in the proceeding prescribed by law, setting forth his reasons why the improvements should not be made. Upon this the council must decide the question, and its decision is final." In the same case, speaking of an objection with respect to the size of an assessment district, it was further said: "It must be held that the property-owner, having this right, must avail himself of it, or be concluded by the decision of the council. The "right" here referred to was the right to make objections to the extent of the assessment district. This case, it is true, arose under the Vrooman Act in a proceeding for paving or macadamizing a street, and not under the Street Opening Act. But the legislative power of the state, exercised in both instances by the city council, is the same in one case as in the other, the provisions of the statute as to the proceedings in the council and the conclusive effect of its decisions are substantially the same and the same principles must apply.

2. Another objection is that two of the commissioners appointed by the council to assess the benefits and damages were interested as owners of property lying within the district to be assessed, and that one of these two was the father of the owner of one of the parcels to be taken for the proposed street. The contention is that this interest disqualifies the commissioners to act as such and that the assessment reported by them is consequently void. The statute provides that after making the assessment, the commissioners shall make a written report thereof to the council, and thereupon notice is to be published for ten days requiring "all persons interested to show cause, if any, why such report should not be confirmed before the city council," on a day to be stated in said notice. (Secs. 9, 10, and 13.) If objections are made, the time for hearing the

same shall be fixed and the objectors must be notified thereof by mail. Upon the hearing or, if no objections are made, then upon the first meeting after the day set for showing cause, the council shall proceed to pass upon the report and may confirm, correct, or modify the assessment, or may order the commissioners to make and report a new one. (Sec. 14.) In this case the assessment was made and reported, the time was fixed for the making of objections and the required notices were all duly given. No objections were made within the time fixed, or at all, and at the next meeting thereafter the council proceeded to pass upon the report and thereupon duly confirmed and adopted the report and the assessment.

In regard to the appointment and qualifications of the commissioners, the act merely directs that the city council, after it has acquired jurisdiction as provided in section 5, "shall appoint three commissioners to assess the benefits and damages and have general supervision of the proposed work or improvement." (Sec. 6.) There is no direction that the commissioners shall be disinterested persons nor any specification as to their qualifications. The act further provides that after the council has passed upon the report and assessment, and has confirmed it, the city clerk "shall forward to the street superintendent a certified copy of the report, assessment and plat, as finally confirmed and adopted by the city council. Such certified copy shall thereupon be the assessment-roll." The assessment is then immediately due and payable and becomes a lien upon the property. (Sec. 15.)

It is not alleged that the assessment upon the plaintiff's land was excessive, or that the damages allowed for the land taken was too high, or that the proceedings were in any particular unfair or unjust as a matter of fact. We are not called upon to determine what would have been the effect if there had been such allegations, nor to determine whether it is necessary to aver such injury in order to invoke the equity powers of the court. The argument that the appointment of interested persons as commissioners constituted actual fraud upon the other property-owners may be answered by applying the rule that fraud without damage cannot be made the basis of an action. (*Reay* v. *Butler*, 69 Cal. 580, [11 Pac. 463]; *Marriner* v. *Dennison*, 78 Cal. 212, [20 Pac. 386]; *Holton* v. *Noble*, 83 Cal. 9, [23 Pac. 58]; *London etc. Co.* v. *Liebes*, 105 Cal. 207, [38

Pac. 691] ; *Morrison* v. *Lods,* 39 Cal. 385.)   For the purposes
of this case, we will assume that the true ground of the objec-
tion is not that the assessment by interested persons constitutes
actual fraud, but that it is contrary to public policy and that
in such cases it is unnecessary to show actual injury.   There
are cases holding that an assessment made by persons who own
land within the district and subject to the assessment will be
set aside when objection is made at the proper time, although
the statute does not expressly declare that such assessors shall
be disinterested, or prescribe any qualification whatever.
(*State* v. *Crane,* 39 N. J. L. 397 ; *Commissioners* v. *Smith,* 233
Ill. 423, [84 N. E. 376, 16 L. R. A. (N. S.) 292].)

Upon this point, as well as upon that of the limits of the
assessment district, the plaintiff is concluded by the decision
of the city council, upon the hearing expressly provided by
the statute after notice to the plaintiff giving him an oppor-
tunity to make the objection.   At common law the fact that the
person acting in a judicial capacity had a personal interest
in the result did not make the judgment void, but was a mere
error or irregularity, not going to the jurisdiction, but to be
corrected only on appeal, or in some reviewing tribunal pro-
vided for that purpose.   (1 Freeman on Judgments, sec. 145.)
There was an exception to this rule in the case of inferior
boards or tribunals, of whose determinations no review was
provided.   (Ibid.)   But where statutes expressly forbid per-
sons performing judicial functions from acting where they are
interested, it has been held that this common-law rule was
changed thereby, and that, if such interest were subsequently
shown, the decision would be declared void.   (1 Freeman on
Judgments, sec. 146; *Carr* v. *Duhme,* 167 Ind. 80, [78 N. E.
322] ; *Estate of White,* 37 Cal. 190.)   In accordance with these
principles, it has been held, and it appears to be the settled
rule, that where the determination of the interested tribunal
is required to be reported to another body for correction and
confirmation and opportunity is there afforded after reasonable
notice to make objections on account of such interest, a failure
to appear and make the objection operates as a waiver, and
precludes the party from afterwards raising it or claiming
that the determination is for that reason void.   (*Commissioners*
v. *Smith,* 233 Ill. 426, [84 N. E. 376, 16 L. R. A. (N. S.) 292] ;
*Ipswich* v. *County Commissioners,* 27 Mass. 519; *Porter* v.

*Purdy,* 29 N. Y. 108, [86 Am. Dec. 283] ; *Pittsburgh* v. *Cluley,* 74 Pa. St. 264; *Valparaiso* v. *Parker,* 148 Ind. 383, [47 N. E. 330] ; *Osborn* v. *Sutton,* 108 Ind. 446, [9 N. E. 410] ; *Carr* v. *Duhme,* 167 Ind. 80, [78 N. E. 322].)' The principle of these decisions is that as the defect is not jurisdictional, because the statute does not expressly forbid such action, the objection constitutes a mere irregularity which must be urged at the hearing provided for that purpose the same as any other objection to the regularity or fairness of the assessment. In the case at bar the commissioners fixed the damages and apportioned the same to the several tracts of land within the district as an assessment. Under the statute, this must be reported to the city council for confirmation before it is of any effect whatever. When it comes before the council that body again takes up the matter, and if the assessment is confirmed it becomes a lien upon the property. But it has no force or effect whatever until it is promulgated by the council. It is, in effect, an assessment made by the council itself. Under such circumstances the fact that one or more of the commissioners who made the preliminary report on which the assessment is based is interested is not sufficient to invalidate the assessment unless the objection is made at the hearing before the council. There is no lack of due process of law. The provision that a body such as the city council must determine such objection, and that a time must be set for the hearing thereof of which reasonable notice must be given, sufficiently answers the mandate of the constitution with regard to due process of law. (*Chase* v. *Trout,* 146 Cal. 359, [80 Pac. 81] ; *Lent* v. *Tillson,* 72 Cal. 424, 431, [14 Pac. 71] ; *Duncan* v. *Ramish,* 142 Cal. 691, [76 Pac. 663].)

3. The only other objection made to the assessment is that it is irregular and void for the reason that land lying outside of the district was assessed for a portion of the benefits. The plaintiff was the owner of a tract of land in San Diego situated within what is known as Pueblo Lot 1159 and constituting the southwest quarter of said lot. The assessment district included the southwest quarter and the northwest quarter of this lot, but no other part thereof. The complaint alleges specifically that the commissioners assessed the whole of Pueblo Lot 1159, including the northeast and southeast quarters thereof. The assessment itself, however, is copied in the complaint

and referred to in support of the allegations. We think the plaintiff has misunderstood the description as set forth in the assessment, and that when properly construed it does not include the portions of lot 1159 not situated within the assessment district. The statute provides that the commissioners shall make a written report of the assessment, accompanying it with a plat of the district showing the land taken for the street and the land assessed, the relative location of each district, block, lot, or portion of lot, and its dimensions. It further provides that "each block and lot, or portion of lot, taken or assessed, shall be designated and described in said plat by an appropriate number and a reference to it by such descriptive number shall be a sufficient description of it in any suit entered to condemn, and in all respects." (Sec. 10.) The complaint does not set forth the plat nor give any data from which we can determine what portions of the district were included in the respective lots thus designated by an arbitrary number on the plat. The description in the assessment itself is as follows: "Assessment No. 3096 subdivision Pueblo Lot 1159 amount assessed $1080," and below is appended a statement that the "lands referred to as in Pueblo Lot 1159, are described with reference to the map of said addition on file in the office of the recorder of said San Diego County," and that all the property is situated in the city of San Diego, county of San Diego, state of California. The proper interpretation of this description, taken with reference to the proceedings in which it was made, is that the tract of land thereby assessed is the land designated on the plat as No. 3096 and that it is in Pueblo Lot 1159. It should not be construed as stating that it constitutes the whole of said lot, but only that part thereof embraced within the tract designated on the plat as No. 3096. The pleading is to be taken most strongly against the pleader. The direct allegation that land outside the district was assessed purports to be based on those portions of the assessments which are copied in the complaint and made an exhibit thereto. The particular portion of the assessment which explains what land is included within assessment No. 3096 is not given. In view of this palpable omission and of the aforesaid provisions of section 10 of the act, we will not presume that the commissioners attempted to do that which the statute forbids them to do and assessed the damage upon

lands not within their jurisdiction, but will treat the statement that the whole of lot 1159 was assessed as a mere conclusion of law, not supported by the facts set forth.

The judgment is affirmed.

Angellotti, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.